**UNITED STATES of America**

v.

**Jonathan E. LEE, Captain (O–3), U.S. Marine Corps**

**NMCCA 200600543**
**GENERAL COURT–MARTIAL**

U.S. Navy–Marine Corps Court
of Criminal Appeals

Sentence Adjudged: 13 March 2012.

21 February 2013

**Military Judge:** LtCol N.K. Hudspeth, USMC.

**Convening Authority:** Commanding General, II Marine Expeditionary Force, Camp Lejeune, NC.

**Staff Judge Advocate's Recommendation:** Col Carol K. Joyce, USMC.

**Addendum:** LtCol C.G. Tolar, USMC.

For Appellant: Eugene R. Fidell, Esq.; Col John G. Baker, USMC; Capt Jason Wareham, USMC.

For Appellee: Maj Paul Ervasti, USMC.

Before J.R. PERLAK, B.L. PAYTON-O'BRIEN, J.R. MCFARLANE Appellate Military Judges

## PUBLISHED OPINION OF THE COURT

PERLAK, Chief Judge:

In 2005, a military judge sitting as a general court-martial convicted the appellant, following mixed pleas, of three specifications of burglary, one specification of conduct unbecoming an officer and gentleman, three specifications of fraternization, and five specifications of indecent assault in violation of Articles 129, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 929, 933, and 934. The military judge sentenced the appellant to confinement for three years, forfeiture of all pay and allowances, and a dismissal. The convening authority (CA) approved the sentence as adjudged and, except for the dismissal, ordered it executed.

On 26 June 2007, we affirmed the appellant's conviction of three specifications of burglary, three specifications of fraternization, and four specifications of indecent assault, and affirmed the sentence. *United States v. Lee*, No. 200600543, 2007 WL 1890683, 2007 CCA LEXIS 233, unpublished op. (N.M.Ct.Crim.App. 26 Jun 2007). We set aside the findings as to the single specification of conduct unbecoming and one specification of indecent assault, and dismissed those specifications.

On 13 June 2008, the Court of Appeals for the Armed Forces (CAAF) set aside our decision and returned the case to the Judge Advocate General for a fact-finding hearing related to a potential conflict of interest involving the appellant's detailed defense counsel. *United States v. Lee*, 66 M.J. 387, 390 (C.A.A.F.2008). After receiving the results of the hearing, we determined that the presiding military judge was disqualified from conducting the hearing and returned the record to the Judge Advocate General. Following a fact-finding hearing by a conflict-free judge, questions remained unanswered and we again returned the record for additional fact finding to ensure compliance with the CAAF's remand. *United States v. Lee*, No. 200600543 (N.M.Ct.Crim.App. 3 March 2011) (Court Order). On 28 July 2011, after receiving the results of the second hearing, we set aside the findings and sentence and authorized a rehearing on all charges and specifications except for the two previously dismissed specifications. *United States v. Lee*, 70 M.J. 535 (N.M.Ct.Crim.App.2011).

Our 2007 decision deemed the original Article 133 charge to be multiplicious with the burglary, fraternization and indecent assault convictions then before us. Nevertheless, on 16 February 2012, prior to the rehearing precipitating our current review, the appellant proffered a pretrial agreement to the CA offering to plead guilty to two specifications under Article 133, UCMJ, in lieu of the then pending referred charges. Two specifications under Article 133 were in fact preferred on 24 February 2012 and the CA accepted the plea offer on 1 March 2012. The specifications contain the same misconduct comprising the original Article 133 offense, with clarifications and omissions arrived at through the apparent agreement of the parties.

A trial was held on 13 March 2012. A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of two specifications of conduct unbecoming an officer and a gentleman in violation of Article 133, UCMJ, 10 U.S.C. § 933. Pursuant to a pretrial agreement, the Government withdrew and dismissed all of the charges that had been returned for rehearing. The appellant was sentenced to

confinement for nine months, forfeiture of all pay and allowances for nine months, and a reprimand. He received 799 days of *Allen* credit and was awarded additional confinement credit of 123 days following litigation of an Article 13, UCMJ, motion. The CA disapproved the reprimand pursuant to the pretrial agreement, but otherwise approved the sentence as adjudged and ordered it executed.

The guilty findings now before us are based on a charge not specifically authorized for rehearing in our 28 July 2011 decision, but constitute a reformulation of an Article 133 charge originally before this court upon initial Article 66 review in 2007. The current guilty findings are accompanied by an approved sentence that falls below the court's jurisdictional requirement established in Article 66(b)(1), UCMJ.

The appellant assigns three errors, averring that a due process violation occurred in the post-trial processing; that post-trial delay warrants Article 66(c) relief; and that the military judge committed plain error by not reconsidering her award of Article 13 confinement credit following sentencing. The Government joins issue on the assigned errors, but asserts that this court does not have jurisdiction to review this court-martial.

### Background

The charge and specifications before us stem from the appellant's drunken conduct with enlisted personnel occurring during a brief temporary additional duty assignment in Northern Ireland in January of 2004. With the facts adequately presented during the extensive appellate history of this case, only a summary reference to the facts will be introduced as necessary to address the assigned errors.

### Continuing Jurisdiction

■ The Government avers that we face a question of first impression, in that all of the charges and specifications upon which we authorized a rehearing have been withdrawn and dismissed, effectively ending the first trial. As a consequence, the Government argues, we have before us an entirely new charge and a sub-jurisdictional sentence, which would only come before us upon refer-ral from the Judge Advocate General per Article 69(b), UCMJ. We disagree.

■ Once this court acquires jurisdiction, "no action by a lower court or convening authority will diminish it." *United States v. Johnson III*, 45 M.J. 88, 90 (C.A.A.F.1996) (quoting *United States v. Boudreaux*, 35 M.J. 291, 295 (C.M.A.1992)). Our appellate jurisdiction granted by Article 66 applies to, "appeal, new trial, sentence rehearing, and new review and action by the convening authority." *United States v. Davis*, 63 M.J. 171, 177 (C.A.A.F.2006). "Once jurisdiction is acquired pursuant to Article 66, the Court of Military Review has a statutory duty to review the case to completion unless the accused has waived his right to appeal or withdrawn it." *Boudreaux v. United States Navy–Marine Corps Court of Military Review*, 28 M.J. 181, 182 (C.M.A.1989).

Jurisdiction does not depend on the qualifying nature of the sentence resulting from a rehearing. *Johnson III*, 45 M.J. at 90. The rehearing in the case at bar is not "independent of the preceding court-martial and appeal." *Davis*, 63 M.J. at 176. The appellant proffered, the CA accepted, and the appellant providently pleaded guilty to a charge and two specifications directly drawn from the same operative facts and events that gave rise to the original trial and the charges that were the subject of the rehearing order.

While the form of the charges has indeed changed, the events of January 2004 leading to the general court-martial of the appellant have not. The substance of the misconduct—a Marine Officer engaged in wrongful and dishonorable actions with enlisted Marines while drunk—is now presented, by agreement of the parties, as conduct unbecoming, versus the numerous constituent disorders and actions giving rise to the previous charges. These offenses, massaged through pretrial negotiation into this state and agreed to by the CA, were derived from the same facts previously before this court and involve a subset of the same victims. The actions of the CA in agreeing to the appellant's proffer of pleas upon rehearing did not sever jurisdiction. We additionally note that the CA referred the revised additional charge and specifications to the same court-martial as

the charges for which we authorized a rehearing. Additional Charge Sheet.[1] This did not create a new trial on new charges before a new court-martial. Having exercised jurisdiction pursuant to Article 66(b)(1), UCMJ, we continue to exercise jurisdiction following remand. Art. 66(d), UCMJ.

### Statute of Limitations

■ While not raised as error, the additional charge and its specifications, referred to court-martial in 2012 but alleging misconduct in 2004, facially present a potential statute of limitations question that was not specifically addressed or waived. Based on our review, we find no error and hold that the charge and its specifications are not barred by the statute of limitations. Under Article 43, UCMJ, "the critical question ... is whether the 'sworn charges and specifications' were timely received, not whether the same piece of paper that contains those charges at the court-martial was the same piece of paper that conveyed those charges to the summary court-martial authority." United States v. Miller, 38 M.J. 121, 124 (C.M.A.1993). Thus, Miller allows for amendments to a charge sheet outside of the limitations period, as do the federal courts. See e.g., United States v. Yielding, 657 F.3d 688, 704 (8th Cir.2011) ("For limitations purposes, 'a superseding indictment filed while the original indictment is validly pending relates back to the time of filing of the original indictment if it does not substantially broaden or amend the original charges' ") (internal citation omitted).

Here, any statute of limitations assertion would be even weaker than in Miller because the change occurred within the limitations period, notwithstanding the passage of time during appellate review. The statute of limitations in this case was tolled in May 2004 and the interceding appellate review of this case in toto did not serve to extinguish the analogous superseding indictment of the Article 133 offense based upon the statute of limitations. It remained tolled until, at least, July 2011 when the remaining charges, including those giving rise to the multiplicity relief with the original Article 133 offense, were set aside. Cf. United States v. Grady, 544 F.2d 598 (2d Cir.1976) (noting that after an indictment is returned within the limitations period the statute is tolled and "begins to run again ... if the indictment is dismissed"). With the statute of limitations tolled, an ample window under the statute remained, during which the Government resurrected the Article 133 charge pursuant to the appellant's plea offer. See id. at 602 (allowing "amendments of form" where charges "were narrowed, not broadened").

### Assignments of Error

■ The appellant asserts that 2,654 days elapsed between his original sentencing on 4 May 2005 and our receipt of the record of trial of his most recent rehearing on 14 August 2012.[2] The appellant claims this delay is unreasonable and a due process violation under United States v. Moreno, 63 M.J. 129 (C.A.A.F.2006). The procedural history of this case and fact that we are reviewing this case following a rehearing readily dissuades us from adopting the appellant's position. Having been afforded appropriate and continuing due process, involving the extensive litigation of complex issues and the generation of a record on appeal that dwarfs the original record of trial, resulting in meaningful relief from error, we are being asked to characterize the timeline necessitated by the affording of due process as a due process violation. We decline to so hold and likewise decline to grant relief per our authority under Article 66(c). After careful consideration, we also find the appellant's final assignment of error without merit. United States v. Matias, 25 M.J. 356, 363 (C.M.A. 1987).

---

1. The revised charge and specifications were referred subject to the following instructions: "To be tried in conjunction with the Charges and Specifications referred on 13 Feb 2012." Additional Charge Sheet.

2. From the conclusion of the appellant's retrial to the date of CA's action was 141 days, which included a 20–day extension of time granted to the appellant to prepare matters in clemency. The delay in this case was not unreasonable and does not constitute a denial of due process.

### Conclusion

We find that no error materially prejudicial to the appellant's substantial rights remains. Arts. 59(a) and 66(c). The findings and sentence as approved by the CA are affirmed.

Senior Judge PAYTON–O'BRIEN and Judge MCFARLANE concur.