UNITED STATES, Appellee

v.

Jonathan E. LEE, Captain
U.S. Marine Corps, Appellant

No. 07-0725

Crim. App. No. 200600543

United States Court of Appeals for the Armed Forces

Argued December 17, 2013

Decided March 7, 2014

RYAN, J., delivered the opinion of the Court, in which BAKER, C.J., and ERDMANN, STUCKY, and OHLSON, JJ., joined.


Counsel

For Appellant:  Colonel John G. Baker, USMC (argued); Captain Jason R. Wareham, USMC, and Eugene R. Fidell, Esq. (on brief).

For Appellee:  Major Paul M. Ervasti, USMC (argued); Brian K. Keller, Esq. (on brief); Lieutenant Commander Keith B. Lofland, JAGC, USN.



Military Judges:  Steven F. Day, Nicole K. Hudspeth, and Jeffrey M. Sankey



**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge RYAN delivered the opinion of the Court.

On September 24, 2013, this Court granted review of the following issue:

> WHETHER THE [NMCCA] ERRED IN FINDING NO DUE PROCESS VIOLATION WHERE 2,500 DAYS ELAPSED BETWEEN SENTENCING AND REMOVAL OF APPELLANT'S NAME FROM THE TEXAS SEX OFFENDER REGISTRY.

In many senses this case casts the military justice system in a far from favorable light.  By the time Appellant's court-martial concluded on May 4, 2005, Appellant's military counsel was prosecuting other cases under the supervision of the prosecutor in Appellant's own court-martial.  Most of the post-trial appellate delay now claimed -- all but 141 days -- stemmed from appeals and fact-finding hearings[1] related to this situation.

The fact remains, however, that at the end of the appellate process for the initial court-martial, the United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) set aside the findings and sentence, and authorized a rehearing for all charges and specifications that were not already dismissed, as a "'needed prophylaxis'" to protect the rights to counsel and due process.  See United States v. Lee, 70 M.J. 535, 541–42 (N–M. Ct. Crim. App. 2011) (citation omitted).

---

[1] These fact-finding hearings were held in accordance with United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967).

United States v. Lee, 07-0725/MC

In turn, and as relevant to our decision, rather than proceed to a rehearing on the remaining specifications, Appellant entered into a pretrial agreement to plead guilty to two reformulated specifications of conduct unbecoming an officer and a gentleman, in violation of Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (2012). Thereafter, and almost immediately after the military judge denied his motion at the rehearing for appropriate relief for post-trial appellate delay arising from the earlier trial, Appellant unconditionally pleaded guilty to two offenses under Article 133, UCMJ. Under these circumstances, he waived any speedy appellate review claim relating to the post-trial period preceding the rehearing, including any prejudice from the additional time spent on the Texas Public Sex Offender Registry prior to the waiver. See United States v. Bradley, 68 M.J. 279, 281 (C.A.A.F. 2010) ("An unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings."); United States v. Joseph, 11 M.J. 333, 335 (C.M.A. 1981).

Moreover, applying the four-factor analysis of United States v. Moreno, 63 M.J. 129, 135 (C.A.A.F. 2006), the remaining 141-day period of review between the sentencing portion of Appellant's rehearing and the convening authority's action did not amount to a due process violation.

3

The decision of the NMCCA is affirmed.

## I.  FACTS

Between January 9, 2004, and January 12, 2004, Appellant, a captain, attended a Professional Military Education course in Londonderry, Ireland.  Over the course of the weekend, Appellant engaged in nonconsensual sexual conduct with five different enlisted Marines.

At the court-martial for the charges stemming from this conduct, Appellant was represented by civilian counsel -- acting as lead counsel -- and detailed military counsel.  Prior to the conclusion of Appellant's court-martial, his military counsel was transferred to duties in the prosecution office.  By the time Appellant's court-martial concluded on May 4, 2005, Appellant's military counsel was prosecuting other cases under the supervision of the prosecutor in Appellant's court-martial.[2] While civilian and military counsel generally informed Appellant that his military counsel's new prosecution duties might create a potential conflict of interest, they did not inform Appellant that his military counsel would be directly supervised by the prosecutor in his court-martial.  Appellant did not learn of this fact until he was already serving his term of confinement.

---

[2] As Appellant acknowledged in his brief, the U.S. Marine Corps has implemented a number of rule changes to avoid this worrisome practice in the future.  See Brief for Appellant at 29 n.85, United States v. Lee, No. 07-0725 (C.A.A.F. Oct. 24, 2013).

On May 4, 2005, following mixed pleas, a military judge sitting alone as a general court-martial convicted Appellant of one specification of conduct unbecoming an officer and a gentleman, in violation of Article 133, UCMJ, three specifications of burglary, in violation of Article 129, UCMJ, 10 U.S.C. § 929 (2000), three specifications of fraternization, in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2000), and five specifications of indecent assault, also in violation of Article 134, UCMJ.  The adjudged sentence provided for confinement for a period of three years, forfeiture of all pay and allowances, and a dismissal.  The convening authority approved the adjudged sentence and ordered all but the dismissal to be executed.

Once convicted, Appellant served his term of confinement -- less good time and earned confinement credit -- from May 4, 2005, until July 12, 2007.  Upon release from confinement, Appellant's indecent assault convictions required notifying state and local law enforcement agencies for purposes of sex offender registration.  On July 20, 2007, he was entered on the Texas Public Sex Offender Registry.

Appellant sought relief before the NMCCA on several grounds, including "multiplicious" charges and sufficiency of the evidence.  United States v. Lee, No. NMCCA 200600543, 2007 CCA LEXIS 233, at *2, 2007 WL 1890683, at *1 (N-M. Ct. Crim.

App. June 26, 2007) (unpublished).  Appellant also argued that his trial defense counsel failed to disclose a conflict of interest, namely that he was acting as a prosecutor in another case while representing Appellant.  Id. at *2, 2007 WL 1890683, at *1.  On June 26, 2007, the NMCCA dismissed the specification of conduct unbecoming an officer and a gentleman as "multiplicious" of the burglary and indecent assault charges, and one of the indecent assault specifications as factually insufficient.  Id. at *2–*3, 2007 WL 1890683, at *1.  It found, however, that there was no actual conflict of interest that adversely affected counsel's performance.  Id. at *17, 2007 WL 1890683, at *7.  After reassessing the sentence, the NMCCA affirmed the sentence as approved by the convening authority. Id. at *24, 2007 WL 1890683, at *9.

This Court then granted review to determine whether a conflict of interest existed that resulted in an uninformed selection of counsel.  United States v. Lee, 66 M.J. 387, 388 (C.A.A.F. 2008).  On June 13, 2008, unable to resolve the issue based on the record as then developed, this Court remanded the case for a fact-finding hearing pursuant to DuBay.  Id. at 390.

On July 28, 2011, after three separate DuBay hearings,[3] the NMCCA set aside the findings and sentence and authorized a

---

[3] See Lee, 70 M.J. at 536 (explaining the reasons for the different hearings).

rehearing for all charges and specifications that were not already dismissed.  Lee, 70 M.J. at 542.  Although the NMCCA found no prejudicial impact from any ineffectiveness by counsel, it explained that its result was a "'needed prophylaxis'" to protect the rights to counsel and due process.  Id. at 541 (citation omitted).

Due to the substantial passage of time since the charged conduct in early 2005, by the time the NMCCA authorized Appellant's rehearing in 2011, several witnesses had either forgotten important details of the events or requested not to testify entirely.  As a result, Appellant negotiated a pretrial agreement with the convening authority to plead guilty to two reformulated specifications of conduct unbecoming an officer and a gentleman, in violation of Article 133, UCMJ, in exchange for the withdrawal of all other charges and specifications.  Nowhere in this agreement did Appellant condition his pleas on reserving the right to review of any pretrial motions pursuant to Rule for Courts-Martial (R.C.M.) 910(a)(2).  The convening authority accepted Appellant's offer to plead guilty and signed the pretrial agreement on March 1, 2012.

Subsequently, on March 7, 2012, Appellant filed a motion for appropriate relief on the grounds of unreasonable post-trial delay.  The military judge denied this motion on March 12, 2012, noting the "constant motion" during the appellate process and a

7

United States v. Lee, 07-0725/MC

general lack of prejudice.

The same day, the military judge reviewed the provisions of the pretrial agreement with Appellant and accepted his guilty pleas to the two specifications under Article 133, UCMJ. The adjudged sentence provided for confinement for a period of nine months, forfeiture of all pay and allowances for nine months, and a reprimand.[4] On August 1, 2012, 141 days after resentencing -- including twenty days for a defense-requested extension -- the convening authority disapproved the reprimand pursuant to the pretrial agreement but approved the remainder of the sentence and ordered it executed.

## II. NMCCA DECISION

On appeal under Article 66, UCMJ, 10 U.S.C. § 866 (2012), Appellant asserted errors relating to post-trial delay and confinement credit. On February 21, 2013, the NMCCA found no due process violation and approved the findings and sentence. United States v. Lee, 72 M.J. 581, 585 (N-M. Ct. Crim. App. 2013). It explained its result as follows:

> The procedural history of this case and fact that we are reviewing this case following a rehearing readily

---

[4] Appellant received 799 days of confinement credit pursuant to United States v. Allen, 17 M.J. 126 (C.M.A. 1984), and 123 days pursuant to United States v. Pierce, 27 M.J. 367 (C.M.A. 1989). The Pierce credit was awarded for the Government's failure to act promptly to remove Appellant from the Texas Public Sex Offender Registry after his indecent assault convictions were set aside by the NMCCA on July 28, 2011.

8

> dissuades us from adopting the appellant's position.
> Having been afforded appropriate and continuing due
> process, involving the extensive litigation of complex
> issues and the generation of a record on appeal that
> dwarfs the original record of trial, resulting in
> meaningful relief from error, we are being asked to
> characterize the timeline necessitated by the
> affording of due process as a due process violation.
> We decline to so hold and likewise decline to grant
> relief per our authority under Article 66(c).

Id. at 584.

### III.  DISCUSSION

Before we reach the question whether Appellant's due process rights were violated in light of the substantial appellate delay in his case, the granted issue, we must first determine whether Appellant waived review of this delay.  We conclude that he waived review of all but the 141 days of delay between the sentencing portion of the rehearing and the convening authority's action.

### A.

We have long recognized the general proposition that a plea of guilty "waives nonjurisdictional errors that occurred in the earlier stages of the proceedings."  Joseph, 11 M.J. at 335; see also United States v. Lopez, 20 C.M.A. 76, 77–78, 42 C.M.R. 268, 269–70 (1970).  In Bradley, we reaffirmed this general rule, but observed that R.C.M. 910(a)(2) creates an exception where an accused enters into a conditional guilty plea.  68 M.J. at 281–82.  However, because "there is no constitutional right to enter

9

such a plea . . . it follows that compliance with the regulation is the sole means of entering a conditional plea and preserving the issue on appeal." Id.

There is no evidence in the record that Appellant requested, or that either the Government or the military judge consented to, the entry of a conditional plea; therefore, the exception created by reference to R.C.M. 910(a)(2) does not apply here. See R.C.M. 910(a)(2) (requiring "the approval of the military judge and the consent of the Government"). Moreover, Appellant's guilty plea occurred after a motion for relief for the same post-trial appellate delay he complains of here was fully briefed, argued, and denied. In fact, it was immediately following the military judge's ruling, and without any attempt to preserve the appellate delay issue for appeal, that Appellant pleaded guilty to the two Article 133, UCMJ, specifications.

Nevertheless, Appellant argues that guilty plea waiver should not apply where, as here, he alleged a violation of his right to due process under the Fifth Amendment based on appellate delay occurring prior to his unconditional guilty pleas at a rehearing. Reply Brief for Appellant at 2, United States v. Lee, No. 07-0725 (C.A.A.F. Dec. 5, 2013). Our precedent is to the contrary.

10

United States v. Lee, 07-0725/MC

"While the waiver doctrine is not without limits, those limits are narrow and relate to situations in which, on its face, the prosecution may not constitutionally be maintained." Bradley, 68 M.J. at 282 (citing United States v. Broce, 488 U.S. 563, 574–76 (1989) (double jeopardy); Menna v. New York, 423 U.S. 61, 61–63 (1975) (double jeopardy)). Such limits do not arise where an appellant merely complains of "'antecedent constitutional violations'" or a "'deprivation of constitutional rights that occurred prior to the entry of the guilty plea,'" Blackledge v. Perry, 417 U.S. 21, 30 (1974) (citation omitted), rather they apply "where on the face of the record the court had no power to enter the conviction or impose the sentence." Broce, 488 U.S. at 569; see also United States v. Schweitzer, 68 M.J. 133, 136 (C.A.A.F. 2009) (identifying limitations recognized by this Court to the guilty-plea-waiver doctrine where specifications are facially duplicative or fail to state an offense). That is not this case.

Nor does this case fall within the narrow limitation for litigated speedy trial motions alleging a violation of Article 10, UCMJ, 10 U.S.C. § 810 (2012), recognized in United States v. Mizgala, 61 M.J. 122, 124 (C.A.A.F. 2005), and reaffirmed in United States v. Tippit, 65 M.J. 69, 75 (C.A.A.F. 2007). See Article 10, UCMJ (providing that "[w]hen any person subject to this chapter is placed in arrest or confinement prior to trial,

11

immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him"). Where an Article 10, UCMJ, motion is litigated at trial, that issue is preserved for appeal despite an unconditional guilty plea. Mizgala, 61 M.J. at 127; Tippit, 65 M.J. at 75. This narrow exception is based on the "'unique nature of the protections' set forth in Article 10." Tippit at 75 (quoting Mizgala, 61 M.J. at 127); see also Mizgala, 61 M.J. at 124. Neither case suggested that the exception to the waiver doctrine was available for motions based on delay in violation of any other rule, statute, or constitutional provision. Indeed, they held precisely to the contrary. Mizgala, 61 M.J. at 124-25 (rejecting comparisons of Article 10, UCMJ, to R.C.M. 707, the Sixth Amendment, and the Speedy Trial Act); Tippit, 65 M.J. at 75 (analyzing only Article 10, UCMJ, waiver because "Appellant's unconditional guilty plea waived his speedy trial rights under R.C.M. 707 and the Sixth Amendment").

Appellant does not claim that the court-martial lacked jurisdiction over the offenses, did not litigate a motion under Article 10, UCMJ, and at no point has Appellant challenged the "voluntary and intelligent character" of his pleas. See Broce, 488 U.S. at 574. Under the circumstances of this case, Appellant waived review of the appellate delay arising prior to his unconditional guilty pleas.

B.

We are nonetheless left to consider whether the remaining delay -- the 141-day period between Appellant's sentence rehearing and action by the convening authority -- amounted to a due process violation.  In doing so, we apply the four factors developed in Moreno:  "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice."  63 M.J. at 135 (citations omitted).  We conclude that this period of delay did not violate Appellant's due process right to speedy appellate review.

The 141-day period between sentencing and action by the convening authority was facially unreasonable.  Id. at 142 (creating a presumption of unreasonable delay where the convening authority does not act within 120 days of the completion of trial).  However, twenty of those days were the result of Appellant's request for additional time to submit clemency matters, and clemency was awarded.  Furthermore, Appellant did not demand speedy review during this period.  Most importantly, because Appellant's name had already been removed from the Texas Public Sex Offender Registry before this 141-day period, he has not identified any particularized prejudice resulting from this delay.

Accordingly, we find no violation of Appellant's due process right to speedy appellate review for the 141-day period between the sentencing portion of the rehearing and the convening authority's action.

## IV.  DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.