# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.A. FISCHER, S.A. DOMINGUEZ**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**LINDELL M. TURNER**
**CULINARY SPECIALIST SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201400036**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 30 September 2013.
**Military Judge**: CAPT Robert Blazewick, JAGC, USN.
**Convening Authority**: Commander, Navy Region Southeast, Jacksonville, FL.
**Staff Judge Advocate's Recommendation**: LCDR N.O. Evans, JAGC, USN.
**For Appellant**: CDR Boyce Crocker, JAGC, USN.
**For Appellee**: Maj Paul M. Ervasti, USMC; Capt Matthew Harris, USMC.

**22 July 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of violating a lawful general order, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, two specifications of use and possession of cocaine,

respectively, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a, and one specification of aggravated assault, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.

The military judge sentenced the appellant to be confined for nine months, to forfeit $500.00 pay per month for a period of four months, to be reduced to the pay grade of E-2, and to receive a bad-conduct discharge. The convening authority approved the sentence as adjudged but, pursuant to the terms of the pretrial agreement, suspended execution of confinement in excess of eight months.

We have examined the record of trial, the appellant's sole assignment of error alleging that the military judge erred by failing to inquire into the legality of his pretrial confinement of 154 days, and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error was committed that was materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ.

**Discussion**

After charges against an accused have been referred to court-martial, the military judge "shall review the propriety of pretrial confinement *upon motion for appropriate relief.* RULE FOR COURTS-MARTIAL 305(j), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) (emphasis added). R.C.M. 905(b) authorizes raising any defense, objection, or request which is capable of determination without the trial of the general issue of guilt before trial. Subsection (e) of that rule provides that failure to raise motions under subsection (b) "shall constitute waiver" and other motions, except lack of jurisdiction or failure of a charge to allege an offense, "must be raised before the court-martial is adjourned for that case and, unless otherwise provided in this Manual, failure to do so shall constitute waiver."

Prior to receiving evidence at the sentencing stage, the military judge acknowledged that the appellant had been subjected to 154 days of pretrial confinement. Record at 75. The military judge then asked "[defense counsel] do you have any motions requesting relief from unlawful pretrial punishment or restraint?" To which counsel responded "[n]o, sir." *Id.* at 76.

The critical question is whether the appellant waived appellate review of the legality of his pretrial confinement.

2

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Gladue,* 67 M.J. 311, 313 (C.A.A.F. 2009) (quoting *United States v. Olano,* 507 U.S. 725, 733 (1993)). When such a waiver of a known right occurs, it is extinguished and may not be raised on appeal. *Id.* The appellant's direct response to the military judge's question affirmatively waived any right he may have had to question the legality of his pretrial confinement before this court.

An unconditional guilty plea also waives all defects except two: jurisdictional defects and deprivations of due process. *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009); *see also United States v. Lee*, 73 M.J. 166, 170 (C.A.A.F. 2014) (a guilty plea waives nonjurisdictional errors unless the accused enters a conditional guilty plea pursuant to R.C.M. 910(a)(2)). We note no jurisdictional defects in the record, and the appellant raised none. There being no jurisdictional defects, the appellant's unconditional guilty plea waives all defects except any due process deprivations. An affirmative waiver of a pretrial motion for relief from illegal pretrial confinement is not precluded by R.C.M. 705(c)(1)(B). *United States v. McFadyen,* 51 M.J. 289, 291 (C.A.A.F. 1999). We therefore find no due process violation. Since the appellant raised no motion for relief regarding the legality of his pretrial confinement, and entered unconditional guilty pleas per the terms of his pretrial agreement, he has effectively waived his right to raise that issue on appeal.

The findings and the sentence as approved by the convening authority are affirmed.


For the Court



R.H. Troidl
Clerk of Court


3