# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.R. MCFARLANE, G.G. GERDING**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**DARREN J. EVANS**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201300248**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 14 February 2013.
**Military Judge:** CAPT Kevin R. O'Neil, JAGC, USN.
**Convening Authority:** Commanding General, 3d MAW, MCAS Miramar, San Diego, CA.
**Staff Judge Advocate's Recommendation:** LtCol K.C Harris, USMC.
**For Appellant:** Capt Jason R. Wareham, USMC.
**For Appellee:** Maj David N. Roberts, USMC; LT Ian D. MacLean, JAGC, USN.

**29 July 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification each of violating a general order, murder, and assault consummated by a battery, in violation of Articles 92, 118, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 918, and 928. The military judge sentenced the appellant

to confinement for life with the possibility of parole, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge. The convening authority (CA) approved the adjudged sentence and, in accordance with a pretrial agreement, suspended confinement in excess of sixty years.

The appellant asserts two assignments of error: (1) that the sentence which includes life imprisonment with the possibly of parole is too severe because the Marine Corps failed on multiple occasions to provide adequate mental health and substance abuse resources that he needed; and, (2) that it was cruel and unusual punishment and pretrial punishment in violation of Article 13, UCMJ, to confine the appellant in maximum security conditions throughout the pendency of his trial.[1]

After careful consideration of the parties' pleadings and the record of trial, we conclude that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant began drinking heavily in the summer of 2011. During the same period, the appellant began mutilating himself by burning his knuckles with cigarettes. The appellant eventually reached out to the flight surgeon of his unit and explained that he had been depressed for some time. Over Labor Day Weekend of 2011, the appellant expressed suicidal ideations and was sent to the Camp Pendleton Mental Health Center, where he was ultimately diagnosed with depressive neurosis and alcohol dependence. He was then referred to the Consolidated Substance Abuse Counseling Center for treatment of his alcohol dependence. The appellant's diagnosis of alcohol dependence was later reduced to a diagnosis of alcohol abuse and he was referred to treatment in an outpatient program. Shortly thereafter, three of the appellant's peers reached out to Marine Corps leadership to request that the appellant be treated in an inpatient program because his drinking had not stopped during the outpatient treatment.

On 5 November 2011, about four weeks after his initial evaluation, appellant began drinking early in the evening and

---

[1] This summary assignment of error was submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

continued drinking and socializing throughout the evening. Sometime later that night, the appellant returned to his barracks room to find his roommate, Lance Corporal (LCpl) MA, in bed with headphones in his ears lying on his stomach in the prone position. The appellant removed a crowbar from his locker and struck LCpl MA with the hooked end of the crowbar in the back of the head multiple times, leaving him dead where he lay.

## Sentence Severity

In his initial assignment of error the appellant avers that the sentence awarded by the military judge to include confinement for life with the possibility of parole is inappropriately severe given his preexisting and undertreated mental health issues.[2] "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United State v. Healy*, 26 M.J. 394, 395 (C.M.A 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy,* 27 C.M.R. 176, 180-81 (C.M.A. 1959)). The appellant asks this court approve no more than 30 years' confinement. Appellant's Brief of 20 Nov 2013 at 18-19.

After closely considering the record, the evidence offered in aggravation, as well as the evidence offered by the defense in extenuation and mitigation, we find that the punishment awarded was appropriate for this offender and these offenses. Granting this appellant the requested relief would amount to an act of clemency, which is left to "command prerogative." *See Healy,* 26 M.J. at 396. Accordingly, we decline to grant relief.

## Pretrial Confinement

In his other assignment of error, the appellant contends that his confinement under maximum security conditions prior to

---

[2] The appellant does not allege and we do not find that his "severe mental issues" were such that he lacked mental responsibility for his misconduct. To the contrary, on 22 and 26 December 2011, the appellant underwent a mental capacity and responsibility examination in accordance with RULE FOR COURTS-MARTIAL 706, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2008 ed.), and it was determined that his psychiatric disorder was not in such a severe state to negate his mental responsibility. The attending psychiatrists additionally found that the appellant was able to participate in his own defense and understood the nature of the proceedings against him. See AE XVII at 5-6.

his trial was cruel and unusual punishment and a violation of the Article 13 ban on pretrial punishment.

We first note that the record reflects the appellant pled guilty unconditionally which has the effect of "waiv[ing] all nonjurisdictional defects at earlier stages of the proceedings." *United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010) (citations omitted); *see also United States v. Lee,* 73 M.J. 166, 170 (C.A.A.F. 2014) (quoting *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)).

In addition to his guilty plea, the appellant expressly waived the issue on the record as evidenced by the following colloquy:

> MJ: [detailed defense counsel], in your opinion, has the accused been subjected to any form of unlawful pretrial punishment or restraint?
> DC:  No, sir.
>
> MJ: Other than the confinement credit motion already conceded by the government, any other issues?
> DC: No, sir.

Record at 354.

Finally, *assuming arguendo* that we chose not to apply waiver, the summary assignment of error does not establish that the appellant was subjected to unlawful pretrial punishment, in violation or Article 13, UCMJ, merely because he was placed in maximum security.  The facts show that the appellant brutally murdered LCpl MA while he lay on his bunk by repeatedly striking him in the head with a crowbar.  Given the violent nature of the crime and the fact that the appellant once had suicidal ideations, we, like the Court of Appeals for the Armed Forces, are reluctant to second guess the security determinations of confinement officials.  *See United States v. King*, 61 M.J. 225 (C.A.A.F. 2005).  There is nothing in the record or the pleadings to suggest that the appellant's maximum security classification was so excessive as to amount to punishment.  Accordingly, we find this assignment of error to be without merit.

**Conclusion**

The findings and the sentence as approved by the CA are affirmed.


For the Court



R.H. TROIDL
Clerk of Court