# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.A. FISCHER, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**MANUEL L. ARELLANO, JR.**
**HOSPITAL CORPSMAN SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201400287**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 2 April 2014.
**Military Judge:** CDR John A. Maksym, JAGC, USN.
**Convening Authority:** Commander, U.S. Naval Forces Japan, Yokosuka, Japan.
**Force Judge Advocate's Recommendation:** CDR T.D. Stone, JAGC, USN.
**For Appellant:** Capt Michael Magee, USMC.
**For Appellee:** LCDR Jeremy R. Brooks, JAGC, USN; Capt Matthew M. Harris, USMC.

**26 March 2015**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of attempted rape, rape, and disorderly conduct in violation of Articles 80, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920, and 934. The military judge sentenced the appellant to reduction to pay grade E-1, forfeiture of all pay and allowances, a $90,000.00 fine, confinement for nine years,

and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged, however, pursuant to the pretrial agreement, the CA suspended confinement in excess of 60 months for the period of confinement adjudged and suspended the fine for six months from the date of the CA's action.

The appellant raises the following two assignments of error:[1] (1) his right to due process was violated when he was subject to military prosecution after the host-nation's authorities conducted an investigation and declined to prosecute; and (2) the military judge erred by failing to *sua sponte* award the appellant pretrial punishment credit against his sentence for the approximately twenty months he was subject to certain liberty restrictions prior to trial.[2]

After careful consideration of the record of trial, the appellant's assignments of error, and the parties' pleadings, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant was stationed in Japan, pursuant to military orders when he raped a Japanese national outside of Naval Air Facility Atsugi. Based on his status as an active duty service member, the appellant was subject to the Status of Forces Agreement (SOFA) between the United States and Japan.[3]

The victim initially reported the rape to the Naval Criminal Investigative Service, who, in accordance with the terms of the SOFA, notified Japanese law enforcement of the allegations.

---

[1] The appellant's two assignments of error (AOEs) are raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] Having reviewed the record, we find this assignment of error raised by the appellant to be without merit. *United States v. Clifton*, 35 M.J. 79, 81-82 (C.M.A. 1992).

[3] Agreement Under Article VI of the Treaty of Mutual Cooperation and Security Between the United States of America and Japan , Regarding Facilities and Areas and the Status of United States Armed Forces in Japan, Art. XIV(8), Jan. 19, 1960, 11 U.S.T. 1652.

Thereafter, Japanese police conducted their own investigation into the allegations, but ultimately the Japanese authorities declined to prosecute the appellant. Instead, the Japanese authorities transferred the case to the U.S. Navy for disposition as contemplated under the SOFA.

At trial, the appellant entered unconditional guilty pleas to attempted rape and rape under Article 120, UCMJ, the offenses that took place off-base.

## Discussion

### Violation of Due Process

The appellant claims for the first time on appeal that his right to Due Process under the Fourteenth Amendment was violated because he was subjected to military prosecution after Japanese law enforcement conducted a full investigation and declined to prosecute.

Claims of due process violations are a question of law that we review *de novo*. *United States v. Lewis*, 69 M.J. 379, 383 (C.A.A.F. 2011). In general, a plea of guilty waives non-jurisdictional errors, which occurred prior to the entry of the guilty plea. *United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010) ("An unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings.") (citations omitted); *see also United States v. Lee*, 73 M.J. 166, 167 (C.A.A.F. 2014). The record before us is clear that the appellant freely and unconditionally pleaded guilty and thereby forfeits his right to appellate review of this nonjurisdictional issue. We therefore decline to grant relief.

## Conclusion

Accordingly, the findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

3