# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32522**

————————————

### UNITED STATES
*Appellee*

**v.**

### Michael R. COPPOLA
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 16 December 2019

————————————

*Military Judge:* Donald R. Eller, Jr.

*Approved sentence:* Bad-conduct discharge, confinement for 3 months, and reduction to E-1. Sentence adjudged 15 February 2018 by SpCM convened at Ellsworth Air Force Base, South Dakota.

*For Appellant:* Major Mark C. Bruegger, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

Senior Judge MINK delivered the opinion of the court, in which Judge LEWIS and Judge D. JOHNSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MINK, Senior Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement (PTA), of two specifications of wrongful use of a controlled substance (cocaine and methamphetamine) and one specification of wrongful distribution of a controlled substance

(cocaine) in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1,2] A panel of officer members sentenced Appellant to a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.[3]

Appellant raises two issues on appeal: (1) whether the Government satisfied its discovery obligations and Mil. R. Evid. 507(d)(1)(B) with respect to its nondisclosure of confidential informant (CI) evidence and (2) whether a portion of an exhibit is missing from the record of trial. In addition, we consider the issue of timely appellate review. We find no prejudicial error and affirm the findings and sentence.

## I. BACKGROUND

In January 2017, Appellant provided cocaine to two other Airmen, who then used the cocaine, while all three were attending a party at an off-base residence in Rapid City, South Dakota (SD). Appellant also used cocaine that night. Later, while driving back to Ellsworth Air Force Base, SD, Appellant was stopped by a SD Highway Patrol Officer who suspected Appellant was driving under the influence of alcohol. After arresting Appellant, the Patrol Officer asked Appellant if he would consent to a urinalysis because the Patrol Officer suspected Appellant had used cocaine. In response, Appellant spontaneously stated that he would test "hot" because he had "used" earlier that day and Appellant also indicated that others in his squadron were using illegal drugs. As a result of Appellant's statement regarding drug use by others in the squadron, Appellant's squadron commander ordered a unit-wide drug inspection. The two Airmen to whom Appellant provided cocaine at the party were members of his squadron and both tested positive for cocaine. Additionally, in June 2017, Appellant purchased and used methamphetamine in Rapid City, SD. Appellant's use of methamphetamine was discovered when he subsequently tested positive for the drug as the result of a random urinalysis.

---

[1] Unless otherwise noted, all references in this opinion to the Uniform Code of Military Justice (UCMJ), Rules for Courts-Martial (R.C.M.), and Mil. R. Evid. are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Appellant pleaded not guilty to one specification alleging operation of a vehicle while the alcohol concentration in his blood was equal to or in excess of the legal limit in violation of Article 111, UCMJ, 10 U.S.C. § 911, and one specification alleging wrongful possession of cocaine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, both of which the convening authority withdrew and dismissed with prejudice after announcement of sentence in accordance with the terms of the pretrial agreement (PTA).

[3] The PTA contained no limitation on the sentence that could be approved.

## II. DISCUSSION

### A. Confidential Informant Evidence

Appellant asks us to review Appellate Exhibit XVIII, which was identified as a CI's dossier, which was sealed by the military judge without reviewing it *in camera*, to ensure that the Government complied with its discovery obligations and Mil. R. Evid. 507(d)(1)(B).

#### 1. Additional Background

During its investigation into Appellant's drug offenses, the Air Force Office of Special Investigations (AFOSI) utilized two CIs. The Defense was aware of the identity of one of the CIs and they sought the identity of the second CI and the AFOSI dossier for the second CI. The Government asserted privilege under Mil. R. Evid. 507(a) and refused to disclose the second CI's identity or to produce the dossier. On 17 December 2017, the Defense filed a motion to compel production of the second CI's dossier. The Government opposed the Defense's motion. On 18–19 December 2017, the military judge conducted a hearing pursuant to Article 39a, UCMJ, 10 U.S.C. § 839, on the motion to compel and other motions. In response to questions from the military judge, the Government stated that the second CI would not be called as a witness and that the second CI's dossier did not contain any information that required disclosure to the Defense. The military judge denied the motion to compel, and then without reviewing the contents of the dossier, ordered a copy of the dossier sealed as Appellate Exhibit XVIII for potential appellate review at a later date. When trial re-convened on 14 February 2018, Appellant entered an unconditional guilty plea to the offenses as detailed above.

#### 2. Law

It is well-settled that "an unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings." *United States v. Hardy*, 77 M.J. 438, 442 (C.A.A.F. 2018) (quoting *United States v. Lee*, 73 M.J. 166, 167 (C.A.A.F. 2014)). "While the waiver doctrine is not without limits, those limits are narrow and relate to situations in which, on its face, the prosecution may not constitutionally be maintained." *United States v. Bradley*, 68 M.J. 279, 282 (C.A.A.F. 2010) (citations omitted). An appellant who has entered an unconditional guilty plea ordinarily may not raise on appeal an error that was waived at trial. *United States v. Chin*, 75 M.J. 220, 222 (C.A.A.F. 2016) *(*citing *United States v. Campos*, 67 M.J. 330, 332–33 (C.A.A.F. 2009); *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)).

However, this "ordinary" rule does not apply to statutory review by a military court of criminal appeals (CCA) under Article 66(c), UCMJ, 10 U.S.C. § 866(c). *Id.* We have previously concluded that "Article 66(c) empowers [CCAs] to consider claims . . . even when those claims have been waived." *Id.* (quoting

*United States v. Chin*, No. ACM 38452, 2015 CCA LEXIS 241, at \*9–11 (A.F. Ct. Crim. App. 12 Jun. 2015) (unpub. op.), *aff'd*, 75 M.J. 220 (C.A.A.F. 2016)). This is because CCAs maintain an "affirmative obligation to ensure that the findings and sentence in each such case are 'correct in law and fact . . . and should be approved.'" *Id.* at 223 (quoting *United States v. Miller*, 62 M.J. 471, 472 (C.A.A.F. 2006)).

"If an appellant elects to proceed with Article 66, UCMJ, review . . . the CCAs are required to assess the entire record to determine whether to leave an accused's waiver intact, or to correct the error." *Id.* (citation omitted). It does not mean an unconditional guilty plea is without meaning or effect. *Id.* "Waiver at the trial level continues to preclude *an appellant* from raising the issue [on appeal]," *Id.* (citing *Gladue*, 67 M.J. at 313–14), and an "unconditional guilty plea continues to serve as a factor for a CCA to weigh in determining whether to nonetheless disapprove a finding or sentence." *Id.*

### 3. Analysis

We find Appellant waived the issue of discovery of the identity of the second CI and the CI's dossier and we have determined to leave Appellant's waiver intact. After the military judge denied Appellant's motion to compel, Appellant pleaded guilty to the charge and specifications involving drug use, the subject of the investigation for which the second CI was utilized. The military judge conducted a providence inquiry, at the end of which he accepted Appellant's plea. During that inquiry, Appellant acknowledged that the PTA contained all of the agreements and understandings and that no one had made any promises to him that were not in the written PTA if he were to plead guilty. Appellant and his trial defense counsel acknowledged they had had enough time and opportunity to discuss Appellant's case. Appellant stated that he did not have any questions as to the meaning and effect of his pleas of guilty and that he fully understood the meaning and effect of his pleas.

There is nothing in the record to indicate that Appellant's guilty plea was contingent on his motion to compel production of the second CI's dossier or any other issue being preserved for appellate review. To the contrary, during his colloquy with Appellant regarding the PTA, the military judge specifically reminded Appellant of the motions hearing in December and the evidence and the witnesses' testimony heard on the various motions at that time. Appellant acknowledged that the "waive all waivable motions" provision in his PTA would prevent appellate review of those issues. The military judge then asked Appellant if he understood that "by waiving these motions, essentially it is as if December didn't happen, and nobody is going to look over my shoulder, nobody is going to say, hey judge, you got it wrong. Those things are gone from that appellate review." Appellant acknowledged that he understood what the

military judge had said and it is clear from the record that Appellant's guilty plea was unconditional.

The issue of discovery of the identity of the second CI and production of the CI's dossier is not a jurisdictional defect, so Appellant's unconditional guilty plea waived this issue. Because we find Appellant's unconditional guilty plea extinguished his ability to raise this issue on appeal, we decline to review Appellate Exhibit XVIII on this basis. However, in this case we have chosen to exercise our discretion under Article 66(c), UCMJ, and we have reviewed Appellate Exhibit XVIII. We are satisfied that it contains no information that was required to be disclosed to Appellant. Appellant is therefore entitled to no relief.

## B. Suspected Missing Exhibit

Noting a disparity between the number of pages contained in Prosecution Exhibit 4, a letter of reprimand (LOR), and Prosecution Exhibit 8, the business records affidavit certifying Prosecution Exhibits 4–7, Appellant requests this court issue a Show Cause Order to the Government to determine whether the record of trial is complete. Having determined that the record of trial is complete, we decline to do so.

### 1. Additional Background

During presentencing, the Government introduced Prosecution Exhibit 4, a LOR dated 13 September 2016, which was marked, offered, and admitted without objection as a six-page document. The Government also introduced Prosecution Exhibit 8, which was a one-page business records affidavit, identifying the LOR dated 13 September 2016 as a seven-page document. Prosecution Exhibit 8 was also admitted without objection. Implicit in Appellant's assertion of error is that a page appears to be missing from the LOR admitted as Prosecution Exhibit 4 because Prosecution Exhibit 8 refers to the LOR as having seven pages, therefore resulting in an incomplete record.

### 2. Law

Whether a record of trial is complete is a question of law that we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014).

### 3. Analysis

A review of the record of trial indicates that Prosecution Exhibit 4 was marked and offered by the Government as a six-page document. The trial defense counsel did not object to admission of Prosecution Exhibit 4 or otherwise indicate that the document was incomplete as only containing six pages. The military judge admitted Prosecution Exhibit 4 as a six-page document and all six pages of the exhibit are contained in the record of trial. The trial defense

counsel also did not object to Prosecution Exhibit 8, which indicated that Appellant's LOR dated 13 September 2017 was a seven-page document. The Government argues that the Defense's failure to object at trial waived any issue regarding the number of pages contained in Prosecution Exhibit 4. However, we are not convinced that there was any issue to waive. The six pages of Prosecution Exhibit 4 do appear to contain the complete record of the LOR admitted at trial, including Appellant's indorsements to the LOR and Appellant's rebuttal letter. No page from any exhibit admitted at trial is missing from the record of trial. Having reviewed the entire record of trial and specifically Prosecution Exhibits 4 and 8, we are convinced that the record of trial is complete as a matter of law.

## C. Timeliness of Appellate Review

### 1. Additional Background

Appellant's case was originally docketed with this court on 30 May 2018. Though not raised by Appellant, the delay in rendering this decision after 30 November 2019 is presumptively unreasonable. However, we determine there has been no violation of Appellant's right to due process and a speedy post-trial review and appeal.

### 2. Law

We review de novo whether an appellant has been denied the right to due process and a speedy post-trial review and appeal. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citations omitted). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before the court. *Id.* at 142. When a case is not completed within 18 months, such a delay is presumptively unreasonable and triggers an analysis of the four factors laid out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135 (citations omitted). *Moreno* identified three types of cognizable prejudice arising from post-trial processing delay: (1) oppressive incarceration; (2) anxiety and concern; and (3) impairment of ability to present a defense at a rehearing. *Id.* at 138–39.

"We analyze each factor and make a determination as to whether that factor favors the Government or [Appellant]." *Id.* at 136 (citation omitted). Then, we balance our analysis of the factors to determine whether a due process violation occurred. *Id.*; *see also Barker*, 407 U.S. at 533 ("[C]ourts must still engage in a difficult and sensitive balancing process."). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Moreno*, 63 M.J. at 136 (citation omitted). However, where an appellant has not shown prejudice from the delay, there is no

due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

### 3. Analysis

The court is affirming the findings and sentence in this case. Appellant, who is no longer in confinement, has not pointed to any prejudice resulting from the presumptively unreasonable delay, and we find none.

Finding no *Barker* prejudice, we also find the delay is not so egregious that it adversely affects the public's perception of the fairness and integrity of the military justice system. As a result, there is no due process violation. *See Toohey*, 63 M.J. at 362. In addition, we determine that, even in the absence of a due process violation, the delay does not merit relief. *See United States v. Tardif*, 57 M.J. 219, 223–24 (C.A.A.F. 2002). Applying the factors articulated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we conclude that the time taken to review Appellant's case is not unreasonable and relief based on the delay is unwarranted.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.[4]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[4] We note that the court-martial order (CMO) is not dated the same date as the convening authority's action, even though the header on the top of page 2 of the CMO is dated the same date as the action. *See* R.C.M. 1114(c)(2) ("A promulgating order shall bear the date of the initial action, if any, of the convening authority."). We direct a corrected court-martial order to reflect the date of the action.