Judge STUCKY
delivered the opinion of the Court.
The Judge Advocate General of the Navy certified two issues for review pursuant to Article 67(a)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(a)(2) (2006). The certificate asks this Court to determine whether the United States Navy-Marine Corps Court of Criminal Appeals (CCA) erred by (1) finding that the military judge abused his discretion when he denied the defense motion to disqualify trial counsel from further participation in the case, and (2) setting aside the findings and sentence without finding that the trial counsels’ continued participation in the case resulted in material prejudice to Appellee. This Court specified the additional issue of whether, through his unconditional guilty pleas, Appellee waived the ability to appeal the military judge’s denial of his motion to disqualify trial counsel. We hold that Appellee’s unconditional guilty plea waived his ability to appeal the military judge’s denial of his motion to disqualify trial counsel as well as the motion to dismiss. We therefore do not reach the two certified issues.
I.
In the early morning of October 2, 2003, Appellee and three other sailors were involved in a drive-by shooting. Appellee and Master-at-Arms Second Class (MA2) Laprie D. Townsend fired gunshots from MA2 Townsend’s vehicle at a Mitsubishi Galant containing three other sailors. One of the sailors in the Galant was struck by a bullet but survived the incident.
Appellee agreed to a pretrial agreement (PTA) the same day that charges were referred against him. As part of the PTA, he agreed to testify against his co-actors in exchange for a grant of testimonial immunity. In preparation for his testimony against MA2 Townsend, Appellee met five times with Lieutenant (LT) Carter D. Keeton, the assistant trial counsel in MA2 Townsend’s court-martial. Appellee subsequently testified on behalf of the prosecution in MA2 Townsend’s court-martial.
After MA2 Townsend’s court-martial, Ap-pellee withdrew from his PTA and hired a civilian defense counsel. LT Keeton was detailed as the lead trial counsel for the case. Prior to trial, Appellee moved pursuant to Rule for Courts-Martial (R.C.M.) 907(b)(2) to dismiss the charges and specifications, arguing that the Government had made derivative use of his immunized statements and testimony. The military judge conducted a hearing, pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2006), in which both sides fully litigated the motion. The military judge denied the motion to dismiss. During the Article 39(a), UCMJ, hearing, the civilian defense counsel also objected to LT Keeton’s remaining as trial counsel because he had served as a witness during that hearing. The military judge overruled the objection.
Following this denial, Appellee negotiated a new PTA and changed his pleas to guilty. During the providence inquiry, the following exchange took place:
MJ: I believe that Seaman Bradley’s plea of guilty also means that he gives up his right to appeal the decision I made on his motion to dismiss.
Does the government agree with that?
TC: That is the government’s understanding, sir.
CDC: We agree that the motion to dismiss has been waived. However, we don’t believe that your — the alternative relief we requested was denied, just facing the trial counsel has been waived.
MJ: I’m sorry, what is the other issue?
CDC: The other issue — the alternative relief that we requested that you also denied *281 was the trial counsel should not participate further in the case. We think that has not been waived.
MJ: So is Seaman Bradley entering a conditional guilty plea?
CDC: No, sir.
TC: Excuse me, sir.
MJ: Yes.
TC: I guess we’d like to hear why the defense believes that hasn’t been waived. It seems like that it certainly would be pursuant to this [sic] guilty pleas if it’s not a conditional plea. I guess we’re just wondering what the reasoning is behind that and maybe we can, you know, try to figure out, you know, whether or not this is truly a conditional or unconditional plea if they feel like they haven’t waived that right.
CDC: Because, sir, the Kastigar case was — has been held to invalidate guilty pleas where prosecution was initiated as a result of the use of the immunized testimony of an accused.
MJ: Yes, but I think that the Manual requires that if you wish to preserve any issue for appeal—
CDC: Any issue, sir? I don’t think that’s true.
MJ: That may be where you’re right. Only certain issues need to be in the form of a conditional guilty plea. Is that your point?
CDC: Yes, sir. We have clearly waived the motion with respect to the motion to dismiss. I agree with that. But the alternative relief we requested, which was the further participation of the trial counsel, that does not depend upon your ruling. I mean, the further moving in this case and forward does not rely on your ruling. It’s not — I mean he can providently plead guilty if you’re right about that. Trial counsel obviously is appropriately here. But I don’t believe that we waive that.
MJ: But we are establishing for the record that—
CDC: It is an unconditional plea, sir.
MJ: —it is an unconditional plea.
CDC: Yes, sir.
MJ: And only those issues that don’t require a conditional plea would be preserved for appeal, correct?
CDC: Correct, sir.
After the providence inquiry, the military judge convicted Appellee of one specification of assault with a means likely to cause grievous bodily harm and one specification of reckless endangerment. Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928, 934 (2006). The convening authority approved the military judge’s sentence of a dishonorable discharge and confinement for forty-eight months. The CCA set aside the findings and the sentence in an unpublished opinion. Despite Appellee’s unconditional guilty plea, the CCA found that “a de facto conditional plea” existed as to the issue of LT Keeton’s continued participation in the case. United States v. Bradley, No. NMCCA 200501089, 2008 CCA LEXIS 398, at *21, 2008 WL 5083894, at *7 (N.M.Ct.CrimApp. Nov. 25, 2008) (unpublished). After the CCA denied the Government’s motion for reconsideration, the Judge Advocate General of the Navy certified the issues noted above for review.
II.
An unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings. United States v. Joseph, 11 M.J. 333, 335 (C.M.A.1981); United States v. Lopez, 20 C.M.A. 76, 78, 42 C.M.R. 268, 270 (1970); United States v. Rehorn, 9 C.M.A. 487, 488-89, 26 C.M.R. 267, 268-69 (1958); United States v. Daughenbaugh, 549 F.3d 1010, 1012 (5th Cir.2008); 2 Mark S. Rhodes, Orfield’s Criminal Procedure Under the Federal Rules § 11:52 (2d ed.1985 & Supp.2009), and cases cited therein. R.C.M. 910(j) states “a plea of guilty which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made.”
R.C.M. 910(a)(2) provides for conditional guilty pleas as an exception to the general rule. A conditional guilty plea is a creature of statute or regulation; there is no constitutional right to enter such a plea. See *282 United States v. Kuchinski, 469 F.3d 853, 858-59 (9th Cir.2006) (concluding that the requirement that government consent to conditional plea is not an unconstitutional violation of the separation of powers); United States v. Davis, 900 F.2d 1524, 1526 (10th Cir.1990); see also United States v. Forbes, 19 M.J. 953, 954 (A.F.C.M.R.1985) (stating that the discretion of the government to consent and the military judge to approve a conditional plea “is not subject to challenge by an accused”). This being the case, it follows that compliance with the regulation is the sole means of entering a conditional plea and preserving the issue on appeal; such a plea cannot be implied. Manual for Courts-Martial, United States, Analysis of the Rules for Courts-Martial at A21-60 (2008 ed.) [hereinafter R.C.M. Drafters’ Analysis]; see United States v. Pierre, 120 F.3d 1153, 1156 (11th Cir.1997) (stating that a conditional plea requires express government consent under Fed.R.Crim.P. 11(a)(2); silence or inaction cannot constitute consent).
Appellee’s guilty plea was expressly unconditional. Nevertheless, the CCA determined that “the military judge’s ambiguous advisement with regard to waiver, combined with the civilian defense counsel’s belief that the issue was preserved for appellate review, were material factors in [Appellee’s] decision to plead guilty,” and Appellee was “entitled to appellate review of his motion to dismiss.” Bradley, 2008 CCA LEXIS 398, at *19-*20, 2008 WL 5083894, at *6. The CCA found that “a de facto conditional plea existed as to that issue, even though the trial counsel did not expressly consent to a conditional plea on the record.” Id. at *21, 2008 WL 5083894, at *7 (citing United States v. Stewart, 20 C.M.A. 272, 274, 43 C.M.R. 112, 114 (1971)). The CCA then held that the military judge had “abused his discretion when he did not disqualify the prosecutors from further participation in the case and that their continued participation resulted in a Kastigar violation.” Id. at *24, 2008 WL 5083894, at *8 (referring to Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972)).
Stewart was decided more than ten years before R.C.M. 910(a)(2) formally authorized conditional guilty pleas in 1984. Compare R.C.M. 910(a)(2) with Manual for Courts-Martial, United States para. 70 (1969 rev. ed.). More importantly, Stewart, and the very few similar pre-R.C.M. 910 cases, e.g., United States v. Williams, 41 C.M.R. 426 (A.C.M.R.1969), are not authority for implying conditional pleas under the present regulatory regime. Rather, they evince a reluctance to impose waiver of appellate review in a system in which conditional pleas were unavailable. Whatever the possible merits of this approach may have been, the existence of the rule, and the availability of such pleas, obviate the need for it. It is settled that compliance with R.C.M. 910(a)(2) is now the sole means for entering a conditional plea. “There is no right to enter a conditional guilty plea. The military judge and the Government each have complete discretion whether to permit or consent to a conditional guilty plea.” R.C.M. Drafters’ Analysis app. 21 at A21-60 (emphasis added). The CCA erred in concluding that there was a de facto conditional guilty plea. Such a plea cannot be implied; it can only be manifested by compliance with the rule. The record is clear that neither the Government nor the military judge consented to a conditional plea as required by R.C.M. 910(a)(2). Consequently, Appellee’s unconditional guilty plea waived both the motion to dismiss and the objection to LT Keeton’s presence on the prosecution team.
While the waiver doctrine is not without limits, those limits are narrow and relate to situations in which, on its face, the prosecution may not constitutionally be maintained. United States v. Broce, 488 U.S. 563, 574-76, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (double jeopardy); Menna v. New York, 423 U.S. 61, 61-63, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (same). This is not such a situation, and the waiver doctrine therefore applies.
Nor does the application of the doctrine render Appellant’s plea improvident. It is settled that a guilty plea will not be rejected as improvident unless there is a substantial basis in law or fact for doing so. *283 United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F.2008). Here, Appellant, represented by experienced civilian defense counsel, explicitly entered an unconditional plea of guilty. There is no allegation of ineffective assistance of counsel, or that Appellant (who was getting the benefits of a quite favorable pretrial agreement) did not understand what he was doing. The possibility that he thought the issue relating to the disqualification of trial counsel would be preserved in the face of an unconditional guilty plea does not render that plea improvident.
III.
The decision of the United States Navy-Marine Corps Court of Criminal Appeals is set aside. The record of trial shall be returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further review pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2006).