BAKER, Chief Judge
(concurring in the result):
I would not have found waiver in United States v. Bradley, 68 M.J. 279, 285 (C.A.A.F.2010) (Baker, J., dissenting). However, Bradley having determined that it was settled law at the time that an unconditional guilty plea waived Appellant’s motion to disqualify the trial counsel, even if the military judge and the parties believed otherwise, then it seems Appellant’s counsel would have been ineffective for entering an unconditional plea while advising Appellant that the motion was preserved.
Prejudice, however, under the second prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), presents a closer question. The prejudice question is not whether the case was overwhelming or strong, but whether Appellant was prejudiced by the failure to have his motion to disqualify trial counsel adjudicated. That depends first on whether he would have prevailed on the motion, and second, whether Appellant has shown that his knowing and voluntary choice to plead guilty was affected by his understanding that his motion to disqualify trial counsel could be appealed. The decision to waive one’s right to a trial of the facts does not depend necessarily on whether the evidence is overwhelming or not, or whether an accused would be well advised to plead guilty rather than contest the charges. It depends on the accused’s voluntary and knowing waiver of his right to a trial of the facts.
In this case Appellant has stated in his appellate declaration that he would not have pled guilty but for the erroneous advice. However, there is nothing in the trial record to indicate that at the time of trial his decision to plead guilty rather than contest the charges was dependent on the “ineffective” advice he received from counsel. Therefore, I concur in the conclusion that there was no prejudice and I concur in the result.