**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman Basic AUSTEN J.S. KOCZENT**
**United States Air Force**

**ACM S32269**

**22 October 2015**

Sentence adjudged 4 September 2014 by SPCM convened at Keesler Air Force Base, Mississippi. Military Judge: Mark W. Milam (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 10 months, and forfeiture of $500.00 pay per month for 12 months.

Appellate Counsel for the Appellant: Colonel Randall G. Snow and Major Isaac C. Kennen.

Appellate Counsel for the United States: Captain Kaylynn N. Shoop and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

HECKER, Senior Judge:

A special court-martial composed of a military judge sitting alone convicted Appellant, consistent with his pleas, of attempted use of spice and wrongful use of cocaine, heroin, methamphetamine, and marijuana, in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a.[1] He was sentenced to a bad-conduct discharge,

---

[1] Appellant pled not guilty to assaulting another Airman, soliciting that Airman to distribute oxycodone and Vicodin, violating a lawful order by entering an off-limits facility, soliciting an Airman to provide urine for

confinement for 12 months, and forfeiture of $500 pay per month for 12 months. In accordance with a pretrial agreement, the convening authority lowered the confinement to 10 months and approved the remainder of the sentence as adjudged.

On appeal, Appellant contends the military judge erred by: (1) failing to disqualify the assistant trial counsel based on his access to Appellant's privileged mental health records, and (2) failing to exclude certain Government sentencing evidence which was based on those records. We disagree and affirm.

*Background*

Appellant was extensively involved with illegal drugs between March and July 2014 after experiencing difficulties in his personal life. His drug use came to the attention of military authorities after he tested positive for cocaine during a 20 March 2014 random urinalysis. He had snorted cocaine several days earlier with a civilian acquaintance and soon disregarded his first sergeant's order to stay away from that individual. He again tested positive based on a 7 April 2014 urinalysis after taking a combination of cocaine and heroin intravenously the night before.

On the evening after the second urinalysis, Appellant contacted his supervisor and asked about checking himself into a facility for detoxification. He told her he had gone on a "four-day binge" and had used between three to four grams of heroin. He also showed her track marks and damaged veins on his arm. Appellant concurred with her recommendation that he go to the base emergency room. Once there, Appellant told a nurse he had used cocaine and needed help. He also told a doctor he had recently used heroin. A urine drug screen conducted for medical diagnostic purposes was positive for cocaine and opiates.

Appellant continued with his substance abuse after charges were preferred in June 2014. He began by attempting to use spice with another Airman. That use was unsuccessful as the seller had failed to spray the material with the synthetic chemical that makes the material psychoactive. Between June and July 2014, Appellant smoked crack cocaine on 10 to 15 occasions and marijuana on 4 to 5 occasions, and he also snorted methamphetamine once.

*Appellant's Inpatient Treatment*

Prior to the events described above, Appellant was admitted to a civilian alcohol and drug treatment facility in December 2013. According to testimony presented at trial, information about a military member's diagnosis, prognosis, and future treatment plan is

---

Appellant's use during a urinalysis, and wrongfully purchasing urine for that purpose. After the Government elected to present no evidence on those charges, the military judge found Appellant not guilty.

shared with limited individuals at the base Alcohol and Drug Abuse Prevention and Treatment (ADAPT) clinic, who then verbally provide that information to the patient's commander and first sergeant as part of treatment team meetings. In contrast, other general treatment information is not shared with the commander. Here, because Appellant worked at the base mental health clinic, the civilian facility, with Appellant's permission, agreed to share his treatment information only with Staff Sergeant (SSgt) TA. She was Appellant's supervisor and worked in the ADAPT program.

After Appellant drank alcohol while enrolled at the facility, he was deemed to have failed his treatment program and was discharged on 2 January 2014. Upon receiving the facility's standard discharge recommendation form, SSgt TA asked the facility for more information as Appellant's unit wanted an accounting of the alcohol incident that led to his failure from the program. The facility complied, sending eight pages of records to Appellant's first sergeant and SSgt TA. Those two individuals, as well as Appellant's commander, reviewed the entirety of the records.

Three weeks after Appellant was discharged from the facility, his commander served him with nonjudicial punishment for underage drinking, using as evidence the eight pages of records. In his response, Appellant admitted drinking underage on New Year's Eve. His commander found Appellant guilty and reduced him in grade from Airman First Class to Airman.

The assistant trial counsel reviewed the eight pages of records as part of his preparation for the trial. He also forwarded this information to the senior trial counsel, but that attorney did not review them and did not discuss their contents with the assistant trial counsel.

In advance of trial, the defense filed a motion to exclude any evidence relating to Appellant's treatment at the civilian facility and to recuse the trial counsel who had access to the facility's records, relying on the Mil. R. Evid. 513 privilege, which allows a patient to prevent certain parts of his mental health records concerning confidential communications with a psychotherapist from being used in his court-martial. The Government's response conceded the assistant trial counsel's review of the mental health records violated the privilege within Mil. R. Evid. 513. The trial counsel argued, however, that the sole remedy for this violation was found within Mil. R. Evid. 511—exclusion of those records from the trial.

Soon after filing the motion, Appellant entered into a pretrial agreement which included a provision that he would waive all waiveable motions. During the discussion of counsel's qualifications, the trial defense counsel acknowledged this motion was waived pursuant to this clause of the pretrial agreement, but stated her belief that the assistant trial counsel was still required to notify the court that he had acted in a manner

that may tend to disqualify him, so the military judge could then rule on whether the assistant trial counsel could remain on the case.

The military judge reviewed the records from the facility and determined four of the pages potentially contained information covered by the Mil. R. Evid. 513 privilege and were therefore inadmissible. He found, however, that disqualification of the assistant trial counsel was not necessary based on the relatively trivial and minimally relevant information contained with the potentially-privileged records. The military judge warned assistant trial counsel not to reference these materials during the trial and told the trial defense counsel to be prepared to object if that occurred.

Appellant then entered an unconditional guilty plea to the drug offenses described above. During the Government's sentencing case, several witnesses mentioned Appellant being enrolled in or failing out of the inpatient treatment. Although finding this information was not covered by Mil. R. Evid. 513, the military judge told the parties he would not consider it for any purpose. When the Government introduced Appellant's nonjudicial punishment for underage drinking, the trial defense counsel did not raise an objection or concern about it being based on the contents of the inpatient records.

*Recusal of Assistant Trial Counsel*

Appellant initially filed a pretrial motion to have the assistant trial counsel recused because of his review of Appellant's inpatient treatment records. Appellant then entered into a pretrial agreement in which he agreed to plead guilty to certain specifications and to waive all motions that are waivable due to that guilty plea. Here, however, the military judge ultimately evaluated this situation through his independent responsibility to determine whether the assistant trial counsel should be disqualified from participating in the court-martial. *See* Rule for Courts-Martial (R.C.M.) 901(d), Discussion ("If it appears that any counsel may be disqualified, the military judge should conduct an inquiry or hearing.").

Nonetheless, the issue of trial counsel's disqualification was waived by Appellant's unconditional guilty plea. *See United States v. Bradley*, 68 M.J. 279, 281–82 (C.A.A.F. 2010) (holding an unconditional guilty plea waives all nonjurisdictional defects at prior stages of the proceeding, including an objection to an individual's presence on the prosecution team). This is not a situation where "the prosecution may not constitutionally be maintained" nor where "a deprivation of due process of law" has occurred. *Id.* at 282; *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009).

We decline to follow Appellant's suggestion that this issue was not waived because it does not relate to the factual issue of his guilt. *Bradley*, 68 M.J. at 286 (Baker,

J., dissenting). Instead, we elect to follow the majority holding in *Bradley*.[2] In that factually-similar case, our superior court found the accused's unconditional guilty plea waived his ability to appeal the military judge's denial of his motion to disqualify trial counsel. *Id.* at 283. Here, the defense counsel expressly stated she was not raising such a motion and that she recognized her previously-filed motion was waived by the guilty plea. The military judge then elected, at defense request, to consider this issue under the guise of whether assistant trial counsel was disqualified from participating in the court-martial. Once the military judge denied that motion, Appellant unconditionally pled guilty, and, after discussing the matter with the military judge, expressly waived appellate review of the military judge's ruling, just as in *Bradley*. *See also Schweitzer*, 68 M.J. at 137 (holding an accused waives his objection to the qualifications of a convening authority where he explicitly acknowledges the effect of his guilty plea and agrees to give up his right to appeal); *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009).

## *Admission of Nonjudicial Punishment*

Although the nonjudicial punishment for underage drinking was referenced in Appellant's pretrial motion as being improperly based on privileged information, the defense did not object to the document on those grounds at trial. Instead, the defense successfully argued that Appellant's response, where he admitted to drinking underage, should also be submitted for completeness purposes. Appellant now argues the military judge committed plain error by failing to exclude the nonjudicial punishment.

A military judge's decision to admit sentencing evidence is reviewed for an abuse of discretion. *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010). Failure to object forfeits appellate review absent plain error. *United States v. Eslinger*, 70 M.J. 193, 197–98 (C.A.A.F. 2011); R.C.M. 1001(b)(2). In order "[t]o prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

We find no plain error in the admission of the nonjudicial punishment at trial. This disciplinary step was undertaken when the 20-year-old Appellant drank alcohol after surreptitiously leaving the inpatient facility. This information was summarized on one page of the inpatient records which describes a staff member's observations of Appellant's disruptive behavior when he returned to the facility and also states Appellant's blood alcohol concentration level was .20. Although this misbehavior occurred while Appellant was admitted at that inpatient facility, we agree with the military judge that the information on this page of his records is not covered by the Mil.

---

[2] This is not one of the situations where our superior court has found an unconditional guilty plea by itself does not waive appellate review of an objection to a nonfactual issue. *See United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009).

R. Evid. 513 privilege. In this case, this information does not fall within the ambit of a confidential communication made for the purpose of facilitating Appellant's diagnosis or treatment of his mental or emotional condition. *See* Mil. R. Evid. 513(a), (b)(4). As such, the military judge did not commit plain error in admitting the nonjudicial punishment into evidence.

## Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court