# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| *In re* David H. JUILLERAT | ) | **Misc. Dkt. No. 2020-01** |
| **Captain (O-3)** | ) | |
| **U.S. Air Force** | ) | |
| **_Petitioner_** | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Panel 3** |

In May 2000, a military judge found the Petitioner guilty, in accordance with his pleas pursuant to a pretrial agreement (PTA), of six specifications of making false official statements, one specification of conduct unbecoming an officer, five specifications of wrongfully possessing and/or using false identification documents with the intent to deceive, and one specification of bigamy, in violation of Articles 107, 133, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 933, 934.[*] A general court-martial composed of officer members sentenced Petitioner to a dismissal, confinement for three years, and forfeiture of all pay and allowances. In accordance with the PTA, the convening authority reduced Petitioner's term of confinement to 22 months and approved the other elements of the sentence.

On 16 October 2002, this court affirmed the findings and sentence of Petitioner's court-martial and denied a petition for new trial, *United States v. Juillerat*, No. ACM 34205, 2002 CCA LEXIS 438 (A.F. Ct. Crim. App. 16 Oct. 2002) (per curiam) (unpub. op.), and the United States Court of Appeals for the Armed Forces (CAAF) denied review on 30 June 2003. *United States v. Juillerat*, 59 M.J. 32 (C.A.A.F. 2003) (mem.). Petitioner subsequently filed several extraordinary writ petitions with this court and with the CAAF, each of which was denied. *See, e.g., Juillerat v. United States*, 75 M.J. 344 (C.A.A.F. 2016) (mem.); *United States v. Juillerat*, 75 M.J. 319 (C.A.A.F. 2016) (mem.); *Juillerat v. United States*, Misc. Dkt. No. 2016–06, 2016 CCA LEXIS 211 (A.F. Ct. Crim. App. 31 Mar. 2016) (unpub. op.); *Juillerat v. United States*, Misc. Dkt. No. 2016–03, 2016 CCA LEXIS 109 (A.F. Ct. Crim. App. 22 Feb. 2016) (unpub. op.).

---

[*] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (1998 ed.). All other references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

On 1 April 2020, Petitioner filed *pro se* with this court the instant petition, entitled "Motion for Habeas Corpus and Coram Nobis." Petitioner alleges numerous errors and irregularities on the part of criminal investigators and other government personnel before, during, and after his general court-martial. Petitioner requests, *inter alia*, that this court dismiss the charges, direct that he receive back pay, and direct that a "valid" Department of Defense Form 214 (DD 214), *Certificate of Release or Discharge from Active Duty*, be delivered to him. In addition, Petitioner requests that this court "find that [he] was the victim of forced marriage and illegal discrimination and provide all relief it is authorized to provide;" that "all determinations of fact contrary to Petitioner's belief of the record be decided by a jury to whom he can defend his beliefs without coercion by medication or otherwise;" and that "this honorable court determine that Petitioner is eligible for benefits from the Veteran's Administration." We deny the petition.

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). "However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction." *Id.* (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999)). "The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute." *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015) (citation omitted); *see* 10 U.S.C. § 866.

To the extent Petitioner seeks a writ of habeas corpus, this court does not have jurisdiction over habeas petitions where direct appellate review is complete and the case is final under Article 76, UCMJ, 10 U.S.C. § 876. *See Chapman*, 75 M.J. at 600. Direct appellate review was completed and Petitioner's court-martial result became final many years ago after the Secretary of the Air Force ordered the dismissal executed on 27 August 2003. Accordingly, we lack jurisdiction to grant habeas relief.

This court does have jurisdiction over petitions for a writ of coram nobis alleging an earlier judgment of conviction previously reviewed by this court was flawed in some fundamental respect. *Id.* at 601 (citing *United States v. Denedo*, 556 U.S. 904, 917 (2009)). However, a petitioner for a writ of coram nobis has the burden to show a clear and indisputable right to the extraordinary relief requested. *Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004)), *aff'd and remanded*, 556 U.S. 904 (2009). "Although a petitioner may file a writ of coram nobis at any time, to be entitled to the writ he must meet the following threshold requirements:"

> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Chapman*, 75 M.J. at 601 (quoting *Denedo*, 66 M.J. at 126). "This court uses a two-tier approach to evaluate claims raised via a writ of coram nobis." *Id.* "First, the petitioner must meet the aforementioned threshold requirements for a writ of coram nobis. If the petitioner meets the threshold requirements, his claims are then evaluated under the standards applicable to his issues." *Id.* (citing *Denedo*, 66 M.J. at 126).

Petitioner has failed to demonstrate a clear and indisputable right to the requested relief. The errors Petitioner alleges in his petition and its several attachments are wide-ranging and multifaceted, but can be divided into several general categories: (1) challenges to his guilt of one or more of the offenses for which he was convicted; (2) whether he was fraudulently inducted into the Air Force; (3) whether criminal investigators unlawfully discriminated against him; (4) whether the Prosecution or Air Force generally engaged in discovery violations or unlawfully interfered with his ability to obtain documents; (5) whether the Government has a duty to him as an alleged crime victim; (6) whether he remains in unlawful government "custody" until he receives a "valid" DD 214; and (7) whether he is entitled to benefits from the Veteran's Administration. Although numerous, Petitioner's claims do not warrant extended explanation or analysis, as they all fail to meet the threshold requirements for issuance of a writ of coram nobis.

As an initial matter, we note that the military judge found Petitioner providently pleaded guilty to all 13 specifications of which he was convicted. *Cf. United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010) (citations omitted) ("An unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings."). Petitioner did so pursuant to a PTA which directly benefited him by limiting his exposure to the maximum imposable term of 47 years of confinement and reducing the adjudged three-year term of confinement to 22 months. We have reviewed the transcript of the military judge's colloquy with Petitioner exploring the providency of his pleas, as well as the stipulation of fact Petitioner signed pursuant to the PTA. In both the guilty plea inquiry and the stipulation, Petitioner made numerous admissions which

clearly acknowledged his guilt and which contradict many of the assertions he now makes in the instant petition.

With respect to the specific threshold requirements for coram nobis relief, several of Petitioner's claims are not directly related to the validity of his court-martial conviction and are manifestly not of "the most fundamental character." *Chapman*, 75 M.J. at 601. With respect to those that are so related to his conviction, Petitioner either: (1) essentially reiterates claims he has previously raised in the nine issues he raised to this court on direct appeal pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), in his petition for new trial filed in 2002, or in his prior petitions for extraordinary relief; or (2) fails to provide valid reasons why he did not seek relief earlier for the alleged improprieties. Furthermore, assuming *arguendo* that Petitioner could satisfy the threshold requirements, we find he has failed to clearly and indisputably demonstrate that his substantive claims would warrant setting aside the findings and sentence imposed pursuant to his unconditional guilty plea.

Accordingly, it is by the court on this 25th day of June, 2021,

**ORDERED:**

The petition for extraordinary relief entitled "Motion for Habeas Corpus and Coram Nobis" received by this court on 1 April 2020 is hereby **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

4