# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PENLAND, COOPER, and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant CHASE A. PARK**
**United States Army, Appellant**

ARMY 20220311

Headquarters, 7th Infantry Division
Matthew S. Fitzgerald, Military Judge
Lieutenant Colonel Robert A. Rodrigues, Staff Judge Advocate

For Appellant: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA (on brief, reply brief, and brief on specified issues).

For Appellee: Colonel Richard E. Gorini, JA; Major Marc B. Sawyer, JA; Captain Alex J. Berkun, JA (on brief and brief on specified issues).

17 July 2025

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

SCHLACK, Judge:

A military judge, sitting as a general court-martial, convicted appellant, in accordance with his pleas, of one specification of violating a lawful order (having unregistered weapons on post), one specification of wrongful appropriation, and one specification of engaging in extramarital conduct, in violation of Articles 92, 121, and 134, 10 U.S.C. §§ 892, 921, 934 (2012 ed.) [UCMJ]. Appellant pleaded guilty to those charges without the protection of a plea agreement and contested several other charges and specifications, which included the greater offense of larceny under Article 121, UCMJ.

At trial, an enlisted panel found appellant guilty of one specification of false official statement, one specification of larceny, the greater offense of the

misappropriation specification to which he pleaded guilty, and one specification of assault consummated by battery, in violation of Articles 107, 121, and 128.[1] The military judge sentenced appellant to a bad-conduct discharge, confinement for eight months,[2] forfeiture of all pay and allowances, and reduction to the grade of E-3.

On appeal, appellant raises four assignments of error that we determine warrant neither discussion nor relief. Appellant personally raises seven matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), three of which warrant discussion and one, factual sufficiency, warrants relief. Additionally, we specified briefing on whether appellant's plea of guilty to both the failure to obey an order and wrongful appropriation specifications was voluntary as the military judge failed to inform him that, as a matter of law, appellant's plea waived certain motions, including his motion to suppress.

## BACKGROUND

Appellant's then-spouse (the victim) made allegations of domestic violence against him to a counselor at the local Family Advocacy Program (FAP). The FAP counselor contacted appellant's unit commander who sent his acting first sergeant, Sergeant First Class (SFC)███, to the house to collect appellant's weapons and have appellant report to the barracks for a "cooling off period." Appellant voluntarily relinquished two registered firearms to SFC ███ and began packing for the barracks. As SFC███ took the weapons to his vehicle, the victim arrived at the home in an Uber. Sergeant First Class ███ told the victim he had secured the two weapons. The victim became upset and showed him a picture on her phone depicting additional firearms and what appeared to be military pyrotechnics and small arms ammunition, all of which she claimed were still inside.

The subsequent actions of SFC███ and the ensuing search of appellant's home by the military police (MPs), as well as appellant's contemporaneous statements to SFC ███ and the MPs, formed the basis for defense's pretrial motion to suppress evidence and defense's oral motion to suppress certain statements of the appellant, allegedly elicited in violation of Article 31(b), UCMJ.

---

[1] Appellant was found not guilty of the remaining charges and specifications.

[2] Appellant was sentenced to four months of confinement for assaulting his spouse, three months of confinement for larceny of military property, and one month of confinement for violating a lawful order, all to be served consecutively.

The crux of the written suppression motion was whether there was common authority[3] by the victim over the areas searched and whether appellant voluntarily relinquished the pyrotechnics to SFC ██ prior to the MPs' arrival. At the time of the search of appellant's home, the victim and appellant were living together, pending a divorce, with separate sleeping areas. The evidence obtained by SFC ██ and the MPs during the search is relevant to two of the charged offenses: the larceny and the unregistered weapon offenses.

Prior to trial, the military judge ruled on the suppression motions, finding the victim had apparent common authority and could give consent to search the marital home. The military judge ruled that all evidence obtained during the search of appellant's home was admissible. Additionally, with respect to appellant's statements made during the search, the military judge ruled that those statements made to SFC ██ before the MPs arrived, were admissible.

Following these rulings, appellant notified the court of his intent to enter a mixed plea. Specifically, appellant unconditionally pleaded guilty to failing to register his weapon, misappropriation of government property, and adultery. Relevant to this discussion is the property listed in the Article 121 charge that included both property given to SFC ██ by the appellant himself prior to the MPs' arrival and property secured by the MPs during their search. Appellant did not except any of the property out of his plea of guilty to the lesser included offense of wrongful appropriation. Additionally, appellant pleaded guilty to these offenses without the benefit of a plea agreement with the convening authority.

On appeal, appellant raised the military judge's suppression ruling as an assigned error, indicating a belief that the motion to suppress was preserved for purposes of the contested larceny charge and for the firearm identified in the Article 92 violation. Appellant also raised in *Grostefon* matters the voluntariness of his plea, ineffective assistance of counsel, and factual sufficiency.

Appellant asserted his plea was not voluntary because the military judge did not discuss waiver of motions with him during the plea colloquy. Appellant also argued his counsel did not explain to him the effect of his plea—namely that it waived his ability to challenge on appeal the military judge's ruling on the motions

---

[3] An individual with common authority over property may consent to its search by the government, obviating the need for a warrant. *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). "The validity of the third party consent does not hinge on the niceties of property law or legal technicalities, but is instead determined by whether the third party has joint access or control of the property for most purposes." *United States v. Black*, 82 M.J. 447, 451 (C.A.A.F. 2022) (internal quotations and citations omitted).

to suppress. Finally, appellant challenged the factual sufficiency of his larceny conviction.

Regarding the ineffective assistance of counsel claim, in relevant part, appellant alleged that his "counsel misunderstood the judge's ruling and instead, advised [him] to plead guilty to the grenades" and "in advising [him] to plea without the protection of an agreement, [a]ppellant's counsel did not explain to him that this would . . . waive both motions [to suppress]."

After reviewing appellant's ineffective assistance claim, this court ordered affidavits from defense counsel to determine whether counsel properly advised their client concerning the effect of his plea. Appellant's appointed military defense attorney responded, in relevant part: "The client was fully informed of the effect of pleading guilty and the reasoning for doing so . . . . I do not recall whether or not I specifically advised [appellant] that he waived certain motions, including the motion to suppress, by his guilty plea." Appellant's civilian defense counsel, Mr. S.M. responded, in relevant part: "I personally advised [a]ppellant and discussed with him in detail regarding the possible guilty plea(s), including consequences and implications of him pleading guilty. This advice extended to the waiver of . . . the motion to suppress."[4]

With respect to the tactical and strategic reasons for pleading guilty to the wrongful appropriation offense after the defense lost the motion to suppress, in part, Mr. S.M. added: "[W]ere we to proceed with our original 'not-guilty-to-all' position, there likely would have been testimony elicited by the prosecution that the items in question were in a commonly-controlled/utilized space of the residence."

Upon reviewing his former counsel's affidavits, appellant submitted a sworn affidavit stating he did not "believe [he] *understood* at the time of the plea that doing so would result in waiving [his] right to appellate review of the suppression motion[]" rather than an assertion that his defense counsel failed to explain the

---

[4] In response to these affidavits, appellate defense counsel submitted an email exchange with civilian defense counsel, Mr. S.M., where appellate defense counsel inquired into the recommendation that appellant plead guilty and whether it was seen as a conditional guilty plea, stating, "In other words, the only reason you did that was because of the ruling [on the motion to suppress]." The CDC replied, "You are tracking correctly, that was our intention." Though this email demonstrates a potential failure by trial defense counsel, in light of the affidavits, we give this email exchange less weight. It is not clear from the email what the CDC was referring to – whether he was stating their intent was for the plea to be conditional or their intent for appellant to plead guilty after losing, in part, the motion to suppress. We give more weight to the court-ordered affidavits and appellant's unsolicited affidavit that followed those of his counsel.

effect of his unconditional plea to him. (emphasis added). Appellant further stated that his "desire at the time was to accept responsibility for what [he] had done."[5]

## LAW AND DISCUSSION

### A. Ineffective Assistance of Counsel

This court reviews claims of ineffective assistance of counsel de novo. *United States v. Furth*, 81 M.J. 114, 117 (C.A.A.F. 2021). "To prevail on an ineffective assistance claim, the appellant bears the burden of proving that the performance of defense counsel was deficient, and that appellant was prejudiced by the error." *United States v. Captain*, 75 M.J. 99, 103 (C.A.A.F. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 698 (1984)). "[I]n assessing an ineffective assistance claim, we can analyze *Strickland's* performance and prejudice prongs independently, and if appellant fails either prong, his claim must fail." *United States v. Soler*, ARMY 20210017, 2022 CCA LEXIS 268, at *6-7 (Army Ct. Crim. App. 9 May 2022) (mem. op.) (citing *Strickland*, 466 U.S. at 694).

Appellant has not established deficient performance. The evidence demonstrates an appellant who had an imperfect understanding of the effect of his plea at the time it was made rather than defense attorneys who failed to advise him or incorrectly advised him. Both attorneys clearly stated they advised appellant about the effect of his plea, generally, and Mr. S.M. unequivocally stated he advised appellant regarding waiver of the suppression motions specifically. Additionally, after reviewing his attorney's affidavits, appellant modified his position that he did not know about the effect of the plea (waiver of the suppression motion) to a softer position—that he had a lack of understanding.

Appellant also argues that the military judge failed to advise him of the effect of his plea on any motions but it is the defense counsel's responsibility, not the military judge's, to advise a client about the effect of an unconditional plea on nonjurisdictional matters. We find our sister court's discussion on this topic persuasive: "[a]lthough military judges do not typically warn an accused that an unconditional plea waives all nonjurisdictional matters, this is well known to military *counsel*." *United States v. Bethel*, ACM 39293, 2018 CCA LEXIS 552, at *10 (A.F. Ct. Crim. App. 29 Nov. 2018) (citing *United States v. Benavides*, 57 M.J. 550, 553 (A.F. Ct. Crim. App. 2002)) (emphasis added). As we find appellant was properly advised, we need not discuss this matter further.

---

[5] This affidavit was the second sworn affidavit submitted by appellant and was provided by appellant sua sponte after he reviewed those affidavits submitted by his trial defense counsel.

That said, we find that appellant's waiver—which occurred as an operation of law—only applied to the elements of wrongful appropriation to which appellant pleaded guilty. *See e.g., United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010) ("[A]n unconditional guilty plea waives all nonjurisdictional defects at earlier stages of the proceedings" for the offense to which he plead guilty.). The suppression motion was preserved for the remaining "intent" element on the Article 121, UCMJ, offense of larceny. However, we need not decide whether the military judge abused his discretion in his ruling, because the government failed to prove the element beyond a reasonable doubt.

*B. Factual Sufficiency*

Factual sufficiency is reviewed de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The Court may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved." UCMJ art. 66(d)(1).[6] The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of the service court are themselves convinced of appellant's guilt beyond a reasonable doubt." *United States v. Rosario*, 76 M.J. 114, 117 (C.A.A.F. 2017) (internal quotations, citation, and emphasis omitted).

The government offered one witness on the larceny charge, SFC ███ whose testimony provided some circumstantial – yet factually insufficient – evidence on the intent element. He testified appellant brought him the charged pyrotechnics but he did not witness the search of the home by the MPs. During the defense case in chief, the appellant elected to testify. During his testimony, appellant offered an explanation for why he had the property at issue, discussed his intent to return it, and provided a plausible reason for why he had not returned prior to the search of his home.

When considering the entire record, we are not convinced of appellant's guilt to the greater offense of larceny beyond a reasonable doubt. Therefore, regarding the Specification of Charge IV, we shall affirm only so much of the guilty finding as is consistent with appellant's guilty plea to the lesser included offense of wrongful appropriation.

---

[6] The Fiscal Year 2021 National Defense Authorization Act amended Article 66 and how service courts review cases for factual sufficiency. Pub. L. No. 116-283, § 542(b), 134 Stat. 3611-13. However, the amendment to Article 66(d)(1)(B) applies only to courts-martial where every finding of guilty in the Entry of Judgment is for an offense that occurred on or after 1 January 2021. *Id.* Here, while the larceny charge took place on or about 25 January 2021, appellant was convicted of other offenses occurring before 1 January 2021.

Considering the principles and factors established by *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013), and based on our experience as judges on this court, we are confident the military judge would have sentenced appellant to at least two months of confinement for the wrongful appropriation offense. Additionally, when considering the non-segmented portions of appellant's sentence, we are confident the military judge would have adjudged the discharge, the forfeitures, and the reduction in rank.

## CONCLUSION

Only so much of the finding of guilty of the Specification of Charge IV and Charge IV that extends to the lesser included of offense of wrongful appropriation is AFFIRMED. The remaining findings of guilty are AFFIRMED.

Only so much of the segmented sentence for the Specification of Charge IV as provides for confinement for two months is AFFIRMED. The total sentence of a bad-conduct discharge, seven months of confinement, total forfeitures of all pay and allowances, and reduction to the grade of E-3 is AFFIRMED.

Senior Judge PENLAND and Judge COOPER concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

7