# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MORRIS, JUETTEN, and MURDOUGH
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant OSMIN O. BONILLA-CARDENAS**
**United States Army, Appellant**

ARMY 20230483

Headquarters, Fort Carson
Jacqueline L. Emanuel, Military Judge
Lieutenant Colonel Kenton E. Spiegler, Acting Staff Judge Advocate

For Appellant: Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Captain Amir R. Hamdoun, JA (on brief); Jonathan F. Potter, Esquire; Colonel Frank E. Kostik, Jr., JA; Lieutenant Colonel Kyle C. Sprague, JA; Major Peter M. Ellis, JA; Captain Andrew W. Moore, JA (brief on specified issue).

For Appellee: Colonel Richard E. Gorini, JA; Major Marc B. Sawyer, JA; Captain Andrew T. Bobowski, JA (on brief); Colonel Richard E. Gorini, JA; Major Stephen L. Harmel, JA; Captain Andrew T. Bobowski, JA (brief on specified issue).

1 October 2025

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MURDOUGH, Judge:

Central to this case is the unusual question, "Did the military judge accept the appellant's plea of guilty?" Our answer, even more unusual, is, "we do not know." Because we cannot definitively answer the question, we cannot affirm the finding of guilty for the affected specification and authorize a rehearing on that specification and the sentence.

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of resisting apprehension, one specification of assault upon a person in the execution of law enforcement duties,

and one specification of drunk and disorderly conduct, in violation of Articles 87a, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 887a, 892, 928, 934 [UCMJ]. The military judge also convicted the appellant, contrary to his plea, of one specification of violating a lawful general regulation, in violation of Article 92, UCMJ, 10 U.S.C. § 892. The military judge sentenced appellant to a bad-conduct discharge and eight months of confinement. Appellant received 248 days of pretrial confinement credit.[1]

The appellant also pled guilty to maiming, in violation of Article 128a, UCMJ, 10 U.S.C. § 128a. The military judge accepted his plea, but during the contested portion of the trial reopened the providence inquiry into this specification and then allowed the government to present evidence of the appellant's guilt for this same specification. After presentation of evidence by the government, the military judge did not indicate whether she found appellant provident. Eventually, the military judge found him guilty of this offense as well. Because of the ambiguous route to arrive at this conviction, we specified the following issue:

> WHETHER THIS COURT CAN CONDUCT A FULL REVIEW OF
> APPELLANT'S COURT-MARTIAL UNDER ARTICLE 66, UCMJ,
> WHERE THE RECORD IS UNCLEAR AS TO WHETHER THE
> MILITARY JUDGE FOUND APPELLANT'S PLEA PROVIDENT AS
> TO THE [MAIMING] SPECIFICATION . . . .

---

[1] Appellant's two assignments of error merit only a brief note. First, the appellant's unconditional guilty plea waived any claim that the specifications to which he pled guilty represent an unreasonable multiplication of charges, because these specifications are not facially duplicative. *See United States v. Hardy,* 77 M.J. 438, 442 (C.A.A.F. 2018) (unreasonable multiplication of charges is a non-jurisdictional defect that is waived by an unconditional guilty plea); *United States v. Bradley,* 68 M.J. 279 (C.A.A.F. 2010) (an unconditional guilty plea waives all non-jurisdictional defects at earlier stages of the proceedings); *United States v. Campbell,* 68 M.J. 217, 220 (C.A.A.F. 2009) (unless offenses are facially duplicative, an unconditional guilty plea waives the ability to contest "whether [appellant] should have been charged with only one specification" arising from this course of events). Second, the military judge did not err by failing to inquire as to a possible mental responsibility defense. Although references to post-traumatic stress disorder and suicidal ideations appear throughout the record, the providence inquiry is also replete with appellant's repeated affirmations that he knew, understood, and chose to do what he did that evening, notwithstanding any mental disease or defect. This record suggests at most a "mere possibility of a defense," and not a "possible defense." *United States v. Hayes,* 70 M.J. 454, 458 (C.A.A.F. 2012) (quoting *United States v. Shaw,* 64 M.J. 460, 462 (C.A.A.F. 2007)).

With respect to The Specification of The Additional Charge, we answer our specified question in the negative, set aside that finding and the sentence, and authorize a rehearing.[2]

## BACKGROUND

Appellant provided his fourteen-year-old daughter with multiple shots of tequila, while drinking at his residence on Fort Carson. Later in the evening, his daughter called 911, and military police (MP) responded to the residence. When they arrived, appellant became verbally belligerent toward the police. One of the MPs then attempted to place the appellant in handcuffs. He became combative, trying to pull away from that Soldier while continuing to verbally berate him. Another MP, Staff Sergeant (SSG) ███ assisted in placing appellant in handcuffs. Appellant continued to struggle and fight against the MP officers, striking one in the neck with his arm and headbutting SSG ███ in the mouth.

Appellant pled guilty to being drunk and disorderly, resisting apprehension, assault upon a person in the execution of law enforcement duties, and–in the Specification of The Additional Charge—maiming. The basis for the maiming charge was "fracturing" one of SSG ███'s teeth and "subluxating"[3] another when appellant headbutted him in the mouth.

The appellant pled guilty to the maiming specification, as well as the others described above, without a negotiated agreement or a stipulation of fact. During the providence inquiry regarding this specification, appellant stated that he headbutted SSG ███, saw him turn around, and saw that he was bleeding. The appellant also stated that, in preparation for his plea, he reviewed medical records and "saw pictures of [SSG ███'s] front teeth. They were gone. He had none."

The military judge accepted this plea but did not enter findings pursuant thereto. Trial proceeded on the remaining charges and specifications. Just before the government rested its case, the military judge told the parties, "I want to raise an issue that I've been thinking about . . . . is there any concern on the part of either the [d]efense or [t]rial counsel as to whether [appellant's description of SSG ███'s injuries was] sufficient to amount to maiming?" The military judge added, "I just

---

[2] Our resolution of the specified issue addresses one of the issues appellant personally submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have given full and fair consideration to the other issues submitted pursuant to *Grostefon*, and we determine they merit neither discussion nor relief.

[3] During the providence inquiry, the military judge instructed: "'Subluxate' means to partially dislocate."

wanted to bring that up so that the government could present additional evidence on that charge, if it wanted to during its case-in-chief."

With that, the assistant trial counsel noted that the government shared a concern and proffered testimony of a dentist. Discussion between the assistant trial counsel (ATC) and military judge (MJ) followed:

MJ: Okay. I just wanted to make sure that you are aware and had . . . the opportunity to present additional evidence on that charge.

ATC: Yes, Your Honor. I just didn't know because you did accept the pleas as –

MJ: I didn't actually enter [findings], so.

ATC: You didn't you are right, Your Honor. I didn't know if it was proper during this to –

MJ: So, I'm making you aware.

ATC: Okay.

MJ: That you have the ability to present additional evidence with respect to the maiming charge.

After a recess, a Rule for Courts Martial [R.C.M.] 802 conference, and additional discussion on the record with both parties, the military judge reopened the providence inquiry into the maiming specification. She re-read the elements and definitions to the appellant; this time he said one tooth was fractured and the other was loose, but they were still present in the images he reviewed. The military judge responded, "Counsel, now I believe we have a problem because he didn't actually knock out the teeth . . . . Government, what is your intention, you are free to put on additional evidence." The assistant trial counsel stated the government would put on evidence.

The military judge continued, "There are some lesser included offenses here of maiming that include assault in which substantial bodily harm is inflicted, assault consummated by a battery, or assault in which grievous bodily harm is inflicted." She then addressed appellant and asked if he had anything further to say about the maiming specification. He did not. The military judge did not state whether she had rejected appellant's plea or whether she had reconsidered her prior finding that his plea was provident.

4

The government called SSG ███ to testify about the headbutt and the extent of the injuries he sustained. The government followed with an expert in general dentistry who testified about the permanent nature of the injuries SSG ███ suffered. Through these witnesses' testimony, the government also admitted multiple photographs and x-ray images of the injuries. During both witnesses' testimony the defense counsel made various evidentiary objections. The defense declined to cross-examine SSG ███ but cross-examined the expert dentist.

Appellant testified in his own defense. During direct examination, the defense counsel skipped over the interactions with the military police. On cross, the government sought to question him about these events; the defense counsel objected that this line of questioning was outside the scope of direct examination and added, "Your Honor, he ple[]d guilty to what happened before. And we've gone through this all in providency, we didn't hit that during direct because we've already been through it." The trial counsel responded, "Your Honor, he has not been found guilty of maiming." The military judge countered, "I haven't entered findings on anything." The military judge sustained the objection, noting the ability of the accused to waive his right against self-incrimination on a limited basis.[4] She did not directly address the defense's reference to the prior plea or providence inquiry.

After cross-examination, the government requested to reopen the providence inquiry, initially on an unrelated issue. However, the discussion eventually returned to the maiming specification. The trial counsel asked the military judge to clarify her position—whether she had found appellant provident of maiming, of a lesser included offense, or of nothing, and also asked her to enter findings of the offenses to which he had pled guilty. The military judge noted that R.C.M. 910(h)(2) permitted, but did not require, her to enter findings immediately following acceptance of the guilty plea. She further declined the government's request to clarify the state of the case, noting only that "the government rested . . . . [s]o, presumably the government felt that it had introduced sufficient evidence on the maiming[.]"

The assistant trial counsel made one more attempt for clarity:

ATC: And so I just wanted to know where the court was on that lesser included of what he would be found guilty of, to know what I need, what I should be arguing on closing.

MJ: Which is different from what stopped yesterday's session, was that I reopened providence. And there was no reference to the maiming. Do you understand or have we moved on, are we beyond the reopened providence . . .

---

[4] *See* Mil. R. Evid. 301(c).

. . .

> ATC: I think I understand the court that what he pled guilty to is not what we are doing in this contested trial.
>
> MJ: *Aside from the maiming*— (emphasis added)
>
> ATC: Yes.
>
> MJ: —which I put the government on notice of so that you could introduce evidence.

The military judge did not reopen providence again. During closing argument, the government argued the sufficiency of evidence on the maiming charge; the defense did not.[5] The military judge announced findings of guilty for the four specifications to which appellant had pled guilty, including the maiming specification, as well as the violation of the lawful general regulation, specifically a Fort Carson policy that prohibited providing alcohol to a person under twenty-one years old.

## LAW AND DISCUSSION

Did the military judge accept the appellant's plea? This question "is not merely academic or semantic. The distinction we make materially alters what we may consider in determining whether the military judge abused [her] discretion in accepting appellant's plea." *United States v. Cowan*, ARMY 20160031, 2017 CCA LEXIS 633, at *9 (Army Ct. Crim. App. 28 Sept. 2017) (mem. op.), pet. denied 77 M.J. 145 (C.A.A.F. 2017).

In assessing the providence of a guilty plea, we may *only* consider the statements of the accused in the providence inquiry. *See* UCMJ art. 45(a) ("if it appears that [an accused] has entered the plea of guilty improvidently . . . a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty."). The accused must be able to "describe all the facts necessary to establish guilt." *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996) (quoting R.C.M. 910(e) discussion). Extrinsic evidence is neither necessary nor appropriate. *See United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980).

---

[5] The defense began by highlighting the government's burden of proof beyond a reasonable doubt specifically with respect to Specification 1 and 2 of Charge I, to which the appellant had pled not guilty, and ended with a request for the court to find him not guilty of those two specifications.

"[U]nless adopted by the accused, government evidence at a guilty plea cannot make an improvident plea provident." *Cowan*, 2017 CCA LEXIS, at *10.[6]

If at any point the accused sets up a matter inconsistent with the plea, or it appears he has entered the plea improvidently, the military judge must resolve the inconsistency or, if it cannot be resolved, reject the plea. UCMJ art. 45(a). If this occurs, the military judge must enter a plea of not guilty as to the affected charge and specification. R.C.M. 910(h)(2).

Here, the accused set up a matter apparently inconsistent with the plea, and the military judge reopened the providence inquiry, concluding with the observation "Counsel, now I believe we have a problem." She did not resolve this "problem," nor did she: (1) announce that she no longer found the appellant provident, (2) reject the plea, or (3) enter a plea of not guilty on his behalf.[7] She nonetheless allowed the government to present extrinsic evidence on the specification to which she had earlier accepted the appellant's guilty plea.

In the end, we answer our specified question in the negative – we cannot review this finding of guilt under Article 66, UCMJ, because we do not know what we are reviewing, whether we are limited to the providence inquiry or the evidence presented, or by extension what standard of review to apply. Most concerning, we do not know what the trial court considered in convicting and later sentencing the appellant, or to what degree the questionable providence inquiry provides the basis for either.[8]

---

[6] After hearing the testimony of SSG ███ and the dentist, to which his defense counsel made certain objections and offered cross-examination of the dentist, the military judge did not ask the appellant if he agreed with or adopted the testimony of these witnesses as his own statements.

[7] The Statement of Trial Results reflects a plea of guilty.

[8] Under Mil. R. Evid. 410, any statement appellant made during inquiry into a rejected plea would not be competent evidence. However, a plea to a lesser-included offense could be used to establish common elements with the greater offense. *United States v. Grijalva*, 55 M.J. 223, 228 (C.A.A.F. 2001); *see also United States v. Medina*, 66 M.J. 21, 26-27 (C.A.A.F. 2008) (in a guilty plea inquiry, "the military judge *or the charge sheet* must make the accused aware of any alternative theory of guilty to which he is by implication pleading guilty" (emphasis added)). The military judge seemed to suggest, but refused trial counsel's requests to confirm, that the appellant might be provident to a lesser included offense. This leaves us in the same position – we cannot review because we cannot know to what degree, if any, the military judge considered the providence inquiry versus the extrinsic evidence.

The record is "such a tangled morass" that it prevents appellate review.[9] *United States v. Honea*, 77 M.J. 181, 184 (C.A.A.F. 2018). This finding of guilty cannot survive these circumstances.

The question now becomes whether the government should have another chance at a rehearing. In *United States v. Honea*, the military judge and government worked in concert to produce a record that was "so irredeemably muddled" our superior court could not identify the offense of which the appellant stood convicted. *Id.* at 185. It was only "based on the particular and peculiar circumstances of this case" that our superior court "decline[d] to authorize a rehearing. *Id.* This case is distinguishable, because the government did not have a hand in causing the problem. Rather, the government endeavored multiple times to clarify the state of the record in the face of persistent intransigence from the military judge. Under these circumstances a rehearing is appropriate.

## CONCLUSION

The finding of guilty as to the Specification of The Additional Charge is SET ASIDE. The remaining findings of guilty are AFFIRMED. The sentence is SET ASIDE. A rehearing authorized.

Senior Judge MORRIS and Judge JUETTEN concur.

FOR THE COURT:



JAMES W. HERRING, JR
Clerk of Court

---

[9] The government invites us to disregard everything outside of the providence inquiry, find that the appellant was provident despite the military judge's words and actions to the contrary, and sustain the conviction as a provident guilty plea. We decline that invitation, because we cannot even resolve the elementary distinction between a conviction "pursuant to a plea" and a conviction "contrary to a plea," which would materially alter the scope and standard of appellate review. *See Davenport*, 9 M.J. at 367 ("providence of a tendered plea of guilty is a matter to be established one way or the other at trial."); *see also United States v. English*, 79 M.J. 116, 122 (C.A.A.F. 2019) (we may not affirm a conviction on a different basis than that which was presented at trial).